## MARTIN FONCELLO, JR. *v.* RICHARD AMOROSSI ET AL.
### (SC 17832)

Borden, Norcott, Katz, Palmer and Zarella, Js.*

* The listing of justices reflects their seniority status as of the date of oral argument.

Argued April 16—officially released October 16, 2007

*Kenneth A. Votre*, with whom was *Michael C. McMinn*, for the appellant (plaintiff).

*Thomas W. Beecher*, for the appellees (defendants).

Opinion

ZARELLA, J. In this action alleging invasion of privacy and identify theft, the plaintiff, Martin Foncello, Jr., appeals from the judgment of the trial court rendered in favor of the defendants, Richard Amorossi and Howard Lasser. The plaintiff claims that the trial court improperly concluded that (1) Lasser's disclosure of private information to members of the public and the press, including the plaintiff's social security number, retirement data and military orders, did not constitute an invasion of the plaintiff's privacy, (2) Lasser's disclosure of the plaintiff's social security number to fewer than five persons was insufficient to sustain a cause of action for invasion of privacy, (3) Lasser's disclosure of the plaintiff's social security number to a larger group of persons, including members of the press, after the original complaint had been filed could not be considered because the plaintiff had not amended his complaint to allege such a claim, and (4) the plaintiff failed to establish a prima facie case of invasion of privacy against Amorossi without considering evidence in the record that the defendants had disseminated the plaintiff's social security number to the press after the original complaint had been filed. Additionally, the plaintiff claims that the trial court applied the incorrect standard of review in deciding whether Lasser improperly had disseminated the plaintiff's social security number to others. We affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to our resolution of this appeal. On

November 6, 2001, the plaintiff was reelected to a second term as first selectman of the town of Brookfield. On October 19, 2001, prior to his reelection, the plaintiff, a member of the United States Army Reserve, was called to active military service. The plaintiff eventually was ordered to report for duty on December 10, 2001. After his reelection, the plaintiff held a press conference to announce his change in military status. At that time, he also informed the citizens of Brookfield that he would be able to continue performing his duties as first selectman and, therefore, would not relinquish his position under the provision of the town charter requiring persons holding that office to resign if they are unable to perform their duties. Specifically, the plaintiff revealed that he had been ordered to serve for sixty days and would be relieved of his military commitment on February 8, 2002. The plaintiff then reported for duty as ordered.

On April 21, 2002, Lasser, one the plaintiff's political opponents, sent a letter to the United States Department of the Army (Army) asking for copies of the plaintiff's call up orders pursuant to the federal Freedom of Information Act[1] because the plaintiff had not yet returned from active duty. On May 16, 2002, the same day that the plaintiff was released from active duty, his home address was changed in the Army's records to Lasser's home address. After receiving a redacted copy of the plaintiff's orders on May 23, 2002, Lasser made a request for additional information. Upon receiving this information, which included the plaintiff's social security number, Lasser disseminated copies to several persons. Mail directed to the plaintiff at Lasser's address, which, according to the plaintiff, contained information concerning his retirement, job performance and military privileges, was rerouted to the plaintiff's address without being opened or inspected by Lasser.

[1] 5 U.S.C. § 552 (2000).

On September 4, 2003, the plaintiff commenced a civil action against the defendants alleging negligence, identity theft and invasion of privacy. Thereafter, Lasser distributed to the press copies of the information that the Army had sent to him containing the plaintiff's social security number. In an amended complaint dated January 14, 2005, the plaintiff omitted the claim of negligence but continued to allege that the defendants had invaded his privacy by (1) falsely assuming his identity to obtain private information regarding his military service, and (2) intruding upon his privacy in a manner that would be highly offensive to a reasonable person.[2]

Following the conclusion of the plaintiff's case-in-chief on April 7, 2005, the defendants filed a motion to dismiss the action for failure to establish a prima facie case of invasion of privacy. They initially explained to the court that there were four separate and distinct

[2] In paragraphs ten through twelve of the amended complaint, which was not broken down into separate counts, the plaintiff alleged:

"10. [Lasser], acting in concert with . . . Amorossi, by said actions and misrepresentations [described in paragraphs five through nine], intended to and did cause Army documents concerning the plaintiff to be misdirected to . . . Lasser through the United States mails and, as a result thereof . . . Lasser, acting in concert with . . . Amorossi, received and opened [the] [p]laintiff's private and personal mail containing letters, records and correspondence from the . . . Army concerning the [p]laintiff's official duty orders, retirement, performance and military privileges that were addressed to the [p]laintiff and intended for the [p]laintiff.

"11. In so doing . . . Lasser took letters that had been in a post office or an authorized mail depository, before they had been delivered to the [p]laintiff, the person to whom they were directed, with the design to obstruct the correspondence and to pry into the [p]laintiff's business, and opened, secreted and embezzled [the] same, and for the purpose of prying into the [p]laintiff's private and personal affairs, and of interfering with his relationship with the . . . Army.

"12. The foregoing actions of . . . Amorossi and Lasser, each acting in concert with the other, have invaded the [p]laintiff's privacy in that they have intruded physically or otherwise upon the [solitude] or seclusion of the [p]laintiff or his private affairs or concerns and have interfered with the [p]laintiff's relationship with his former employer, the . . . Army and with his mail and the said intrusions are highly offensive to a reasonable person."

causes of action on which to base a claim for invasion of privacy: appropriation of the plaintiff's name or likeness for the defendants' benefit or advantage; intrusion upon the plaintiff's physical solitude or seclusion; highly objectionable publicity of private information about the plaintiff, even though it is true and no action for defamation would lie; and publicity that would place the plaintiff in a false light. The defendants then asserted that the plaintiff had alleged an invasion of privacy only under the first two grounds, namely, identity theft and intrusion upon the plaintiff's seclusion. They argued that, because the plaintiff had not established a factual basis for any cause of action alleging invasion of privacy, the court should dismiss the action as to both defendants.

In his response, the plaintiff did not comment on which of the four causes of action he had alleged in the complaint but argued that the defendants' dissemination of private information about him, including his social security number, constituted an invasion of his privacy because it resulted in the improper disclosure of a private matter that was not of legitimate public concern, and, therefore, the disclosure of such information would be highly offensive to a reasonable person. The plaintiff conceded that the evidence against Amorossi was "somewhat circumstantial" but contended that sufficient evidence had been presented to support his claim against Lasser. The defendants countered that the evidence did not support the plaintiff's claim and, furthermore, that dissemination of the disputed information was not relevant because the plaintiff did not allege an invasion of privacy on the basis of wrongful dissemination of private information.

After a brief recess, the trial court concluded, without further comment, that the plaintiff had failed to make a prima facie case against Amorossi and, therefore, granted the motion to dismiss as to Amorossi. There-

after, the plaintiff filed a timely notice of intent to appeal from the partial granting of the motion to dismiss. Following the completion of the trial and the filing of post-trial briefs, in which Lasser again argued that the plaintiff had not alleged a cause of action for invasion of privacy on the ground that unreasonable publicity had been given to a private matter, the court rendered judgment in his favor "on all counts directed against him."

In its memorandum of decision, the trial court concluded that the plaintiff had not sustained his burden of proving that the defendants[3] had appropriated his identity in order to obtain private information relating to the plaintiff's military employment. The court also concluded that the plaintiff had not sustained his burden of proving that Lasser improperly had inspected, reviewed and disseminated private information regarding the plaintiff's retirement and military performance because credible testimony indicated that all mail directed to the plaintiff at Lasser's address had been rerouted to the plaintiff's address and was unopened when it arrived. The court further concluded that the plaintiff was a public official and had put his military orders into the public arena at the press conference following his reelection by announcing that he had been called to active duty for only a short period of time. Consequently, when the plaintiff remained on active duty longer than anticipated, thus raising questions as to whether he should resign his position as first selectman, the plaintiff's military orders became a matter of legitimate public concern, and Lasser's disclosure of the orders to others could not be considered offensive to a reasonable person. Finally, the court concluded

[3] Although the trial court had dismissed the plaintiff's action as to Amorossi prior to the conclusion of the trial, the memorandum of decision sometimes refers to the "defendants," rather than to Lasser, who was the only remaining defendant at that time.

that Lasser's receipt and disclosure of the plaintiff's social security number to fewer than five other persons did not constitute an invasion of the plaintiff's privacy. To the extent that Lasser may have disclosed the plaintiff's social security number to a larger group of persons, including members of the press, after the original complaint had been filed,[4] the court concluded that it could not address that issue because the plaintiff had not amended his complaint to include a claim based on such allegations. This appeal followed.[5]

I

The plaintiff first claims that the trial court improperly rendered judgment in favor of Lasser because Lasser's conduct clearly constituted an intentional and malicious invasion of the plaintiff's privacy in that Lasser gave unreasonable publicity to his private life through the disclosure of his social security number, retirement data and military orders to several other persons. The plaintiff also claims that the court incorrectly (1) determined that the dissemination of a social security number to fewer than five people is insufficient to sustain a cause of action for invasion of privacy, (2) ruled that any dissemination of the plaintiff's social security number after the complaint had been filed could not be considered because the plaintiff did not amend his complaint to include allegations regarding such dissemination, and (3) required a higher level of proof than Connecticut law mandates to establish when

---

[4] The plaintiff filed a motion for rectification on March 28, 2006, seeking a correction of the trial court's factual finding that the plaintiff's social security number had not been disclosed to the press until after the original complaint had been filed. The plaintiff contended that the testimony indicated that information regarding his social security number had been disclosed to the press prior to the filing of the complaint. The trial court denied the motion on April 11, 2006.

[5] The plaintiff appealed to the Appellate Court from the trial court's judgment, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

information has been disseminated improperly to others and to the public, thereby incorrectly applying the standard for invasion of privacy. Lasser responds that the amended complaint contains no allegations that either defendant invaded the plaintiff's privacy by giving unreasonable publicity to his private life. Lasser further notes that the plaintiff never amended his complaint to include allegations of this nature. We conclude that this court has no authority to consider any of the plaintiff's claims alleging invasion of privacy based on Lasser's dissemination of information about the plaintiff because the plaintiff failed to allege an invasion of privacy on that ground in his amended complaint.

We begin by noting that "[p]leadings have their place in our system of jurisprudence. While they are not held to the strict and artificial standard that once prevailed, we still cling to the belief, even in these iconoclastic days, that no orderly administration of justice is possible without them. . . . The purpose of a complaint or counterclaim is to limit the issues at trial, and such pleadings are calculated to prevent surprise." (Internal quotation marks omitted.) *Monetary Funding Group, Inc.* v. *Pluchino*, 87 Conn. App. 401, 414, 867 A.2d 841 (2005). Moreover, "[t]he principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . . What is in issue is determined by the pleadings and these must be in writing. . . . Once the pleadings have been filed, the evidence proffered must be relevant to the issues raised therein. . . . A judgment upon an issue not pleaded would not merely be erroneous, but it would be void." (Citations omitted; internal quotation marks omitted.) *Wright* v. *Hutt*, 50 Conn. App. 439, 449–50, 718 A.2d 969, cert. denied, 247 Conn. 939, 723 A.2d 320 (1998).

In *Goodrich* v. *Waterbury Republican-American, Inc.*, 188 Conn. 107, 448 A.2d 1317 (1982), we observed that "the law of privacy has not developed as a single tort, but as a complex of four distinct kinds of invasion of four different interests of the plaintiff, which are tied together by the common name, but otherwise have almost nothing in common except that each represents an interference with the right of the plaintiff to be let alone. [W.] Prosser, Torts (4th Ed. 1971) § 117, p. 804. The four categories of invasion of privacy are set forth in 3 Restatement (Second), Torts § 652A [1977] as follows: (a) unreasonable intrusion upon the seclusion of another; (b) appropriation of the other's name or likeness; (c) unreasonable publicity given to the other's private life; or (d) publicity that unreasonably places the other in a false light before the public." (Internal quotation marks omitted.) *Goodrich* v. *Waterbury Republican-American, Inc.*, supra, 127–28.

In the present case, the plaintiff's amended complaint alleged invasion of privacy on two of the four grounds set forth in *Goodrich*, namely, appropriation of the plaintiff's identity for the purpose of obtaining private information about his military service and unreasonable intrusion upon the plaintiff's seclusion. This fact was brought to the court's attention when counsel for the defendants moved to dismiss the complaint against both defendants after the plaintiff had completed his case-in-chief and, again, in Lasser's posttrial brief. The claims against Lasser that the plaintiff raises on appeal, however, involve allegations that Lasser gave unreasonable publicity to the plaintiff's private life.[6] The arguments in the plaintiff's appellate brief expressly refer to and

[6] The plaintiff apparently believed that he could appeal from the trial court's judgment on this ground because the court had decided the invasion of privacy claim in part on the basis that the defendant improperly had disclosed and disseminated to others private information regarding the plaintiff's social security number, military orders, retirement benefits and job performance.

rely on § 652D of the Restatement (Second) of Torts, which describes liability in tort when one gives publicity to a matter concerning the private life of another. See 3 Restatement (Second), supra, § 652D, pp. 383–84. Moreover, the principal argument made with respect to all of the claims as to Lasser in the plaintiff's appellate brief is that the plaintiff's privacy was invaded because Lasser "distribut[ed]" or "disclos[ed]" the plaintiff's social security number or private information regarding his military orders, retirement and job performance to several other persons, including members of the press. The plaintiff's claims on appeal thus have little in common with claims alleging identity theft or intrusion upon seclusion, which were the only invasion of privacy claims that the plaintiff raised in his amended complaint. See *Goodrich* v. *Waterbury Republican-American, Inc.*, supra, 188 Conn. 127–28 ("four distinct kinds of invasion of [privacy] . . . have almost nothing in common except that each represents an interference with the right of the plaintiff to be let alone" [internal quotation marks omitted]). This court has no authority to consider a claim on appeal that was not alleged in the pleadings. See *Wright* v. *Hutt*, supra, 50 Conn. App. 449–50; see also *Terka* v. *Filipovic*, 45 Conn. App. 46, 54, 694 A.2d 824 (declining to review plaintiff's alternate theory of invasion of privacy because plaintiff failed to raise it), cert. denied, 242 Conn. 903, 697 A.2d 363 (1997). Accordingly, we decline to review the plaintiff's claims alleging an invasion of privacy for giving unreasonable publicity to the plaintiff's private life.[7]

II

We turn next to the plaintiff's claim that the trial court improperly concluded that he failed to establish a prima facie case of invasion of privacy against

---

[7] For the same reasons, we decline to review the plaintiff's claim regarding the proper standard for an invasion of privacy claim.

Amorossi. Specifically, the plaintiff claims that the trial court failed to consider evidence that Amorossi had acted in concert with Lasser to disseminate the plaintiff's social security number to the press after the original complaint had been filed. Amorossi responds that no evidence was presented that he ever had shared private information about the plaintiff with any other person or representative of the press. We conclude that the trial court properly dismissed the plaintiff's claims against Amorossi.

As we stated previously, "[i]t is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . . What is in issue is determined by the pleadings and these must be in writing. . . . Once the pleadings have been filed, the evidence proffered must be relevant to the issues raised therein. . . . *A judgment upon an issue not pleaded would not merely be erroneous, but it would be void.*" (Citations omitted; emphasis added; internal quotation marks omitted.) *Wright* v. *Hutt,* supra, 50 Conn. App. 449–50.

The plaintiff filed an amended complaint that did not include allegations that Amorossi disseminated private information about the plaintiff to any other person or member of the press after the original complaint had been filed. Accordingly, we conclude that the trial court properly determined that the plaintiff had not established a prima facie case against Amorossi without considering evidence in the record regarding events that had occurred after the filing of the original complaint.

The judgment is affirmed.

In this opinion the other justices concurred.