## OURANIA ARGENTINIS ET AL. *v.* LISA FORTUNA ET AL.
### (AC 33045)

Lavine, Alvord and Bear, Js.

Argued November 29, 2011—officially released April 3, 2012

*Brian J. Harte*, pro se, the appellant (defendant).

*Jessica L. Braus*, for the appellee (plaintiffs).

*Opinion*

LAVINE, J. Connecticut courts are solicitous of self-represented parties when it does not interfere with the rights of other parties. See *Watkins* v. *Thomas*, 118 Conn. App. 452, 456, 984 A.2d 106 (2009). Our courts allow self-represented parties some latitude, but that latitude is constrained by our rules of practice; see, e.g., *Oliphant* v. *Commissioner of Correction*, 274 Conn. 563, 569–70, 877 A.2d 761 (2005); the purpose of which "is to provide a just determination of every proceeding." (Internal quotation marks omitted.) *Snowdon* v. *Grillo*, 114 Conn. App. 131, 137, 968 A.2d 984 (2009). A motion for default for failure to plead may enter against a defendant who fails to answer a complaint; see Practice Book § 17-32; and judgment may be rendered on the default. See Practice Book § 17-33. If, however, the default judgment constitutes plain error,[1] our supervisory powers[2] permit us to reverse said judgment "to ensure the fair

---

[1] See Practice Book § 60-5, which is entitled "Review by the Court; Plain Error; Preservation of Claims."

[2] See Practice Book § 60-2, which is entitled "Supervision of Procedure."

and just administration of the courts." (Internal quotation marks omitted.) *State* v. *Elson*, 125 Conn. App. 328, 361, 9 A.3d 731 (2010) (en banc), cert. granted on other grounds, 300 Conn. 904, 12 A.3d 572 (2011). This is such a case.

Following a hearing in damages in this case, the self-represented defendant, Brian Harte, appealed from the judgment of the trial court rendered in favor of the plaintiffs, Ourania Argentinis and Panagiotis Argentinis. On appeal, Harte claims that (1) he never received notice of the hearing in damages, (2) discovery and settlements with codefendants will demonstrate that he did not remove certain bushes as alleged by the plaintiffs and (3) an award of treble and punitive damages pursuant to General Statutes § 52-560 was not justified. We reverse, in part, the judgment of the trial court.

The following facts, as gleaned from the record, are relevant to our resolution of Harte's appeal. On April 13, 2009, the plaintiffs filed an application for a prejudgment remedy supported by an affidavit in which Ourania Argentinis attested that she has owned the real property at 17 Catherine Terrace in Fairfield for more than fifteen years. The named defendant, Lisa Fortuna, has owned the adjoining property at 31 Catherine Terrace for seven years. Ourania Argentinis also attested that she had taken care of certain bushes that "border[ed] both" properties and that the care she provided was not authorized by the prior owner of 31 Catherine Terrace nor by Fortuna. Ourania Argentinis claimed that her taking care of the bushes was exclusive, open and hostile. She claimed ownership of the bushes and the land on which they were situated by adverse possession. Moreover, she attested that, while Fortuna was renovating her house at 31 Catherine Terrace, Fortuna authorized certain contractors to enter the plaintiffs' land, displacing the soil and ruining the grass. Ourania Argentinis attested further that Fortuna created a nuisance

by changing the grade of her land, causing flooding on the plaintiffs' property. Ourania Argentinis believed that there was probable cause that a judgment would enter in the plaintiffs' favor in the amount of $35,000.

On May 1, 2009, the plaintiffs filed a seven count, amended complaint[3] against nine defendants,[4] including Harte, whom the plaintiffs alleged was a carpenter hired to frame Fortuna's house. In all counts of the amended complaint, the plaintiffs alleged that "[s]ince February 28, 1972, the [plaintiffs have] used and enjoyed a portion of the property now owned by . . . Fortuna which was formerly owned by Julia Sheila McGar . . . of an approximately one hundred . . . foot by ten . . . foot rectangular strip of land . . . that lies parallel to the plaintiffs' southerly boundary and [Fortuna's] northerly boundary and the landscaping contained thereon, including a row of bushes planted therein, all used exclusively by the plaintiffs." The plaintiffs alleged that the defendants, including Harte, intentionally entered their land and removed the bushes; cut, destroyed and/ or carried away trees, timber and/or shrubbery without the plaintiffs' permission in violation of § 52-560; breached the duty of care owed the plaintiffs by causing damage to their shrubbery; were unjustly enriched by using the rectangular strip of land to store "dirt" without paying for the use of the land; and created a private nuisance by (1) changing the roof line on Fortuna's

---

[3] The plaintiffs alleged adverse possession and quiet title pursuant to General Statutes § 47-31 against Fortuna only. The amended complaint alleged trespass, damages for cutting shrubbery pursuant to General Statutes § 52-560, negligent destruction of shrubs, unjust enrichment and private nuisance against all of the defendants.

[4] The plaintiffs brought this action against the following defendants: Fortuna, Harte, Mark Laracuenta, Sean Thomas, John Mino, Sean Ferris, Edward Vizzo, Rivendell Home Improvement, LLC, Jeff Stopa and Stopa Landscaping, LLC. Bank of America, N.A., the holder of mortgages on 31 Catherine Terrace, was later cited in as a party defendant. Harte is the only defendant who is a party to this appeal.

house and the grading on Fortuna's land causing water to run onto the plaintiffs' land and (2) placing an air-conditioning unit between her house and the plaintiffs' house. The plaintiffs sought a judgment determining the rights of the parties in the strip of land and an order settling title thereto, equitable relief, costs, damages, treble damages pursuant to § 52-560, interest and such other relief as the court deemed proper.

Harte represented himself and filed an appearance on May 11, 2009, and the plaintiffs deposed him. Harte, however, failed to respond to the plaintiffs' amended complaint, and a default for failure to plead entered against him on September 16, 2009. The plaintiffs withdrew their claims against the defendants Mark Laracuenta, Sean Thomas, John Mino, Sean Ferris and Edward Vizzo on October 27, 2009. On July 1, 2010, counsel for the plaintiffs filed a certificate of closed pleadings and claimed the matter for a hearing in damages to the court. On July 14, 2010, the plaintiffs withdrew the action as to the defendants Jeff Stopa and Stopa Landscaping, LLC. The action against Fortuna and Bank of America, N.A., was withdrawn on August 16, 2010, leaving Harte and Rivendell Home Improvement, LLC,[5] as the remaining defendants. On September 4, 2010, the court issued a notice of a hearing in damages to be held on December 6, 2010, at 10 a.m.[6]

Harte failed to attend the hearing in damages, where the plaintiffs' counsel presented the court with an affidavit from Ourania Argentinis for damages totaling

[5] Rivendell Home Improvement, LLC, Harte's business, was defaulted for failure to appear. Rivendell Home Improvement, LLC, is not a party to this appeal.

[6] The file contains a notice dated December 29, 2009, stating: "Disposition on Objection 133 as follows: Objection is moot based on settlement of case at last pretrial. *Tyma, J.*" On March 1, 2010, Fortuna's counsel filed a motion for continuance of the pretrial conference representing that "[p]arties are close to settlement which may resolve the lawsuit as to all claims and [thirty] day continuance is requested to engage in certain activities that are preconditions of settlement."

$60,334.11,[7] more than $25,000 in excess of the amount adverted to in the probable cause estimate. The court rendered judgment in the amount of $60,334.11 plus costs,[8] ordered a weekly payment in the amount of $35 but failed to indicate which of the defendants was to pay the weekly order. On December 8, 2010, the plaintiffs filed a notice of judgment against Harte and Rivendell Home Improvement, LLC, in the amount of $60,334.11 plus costs in the amount of $1226.60. Harte filed an appeal from the judgment on December 22, 2010.

The parties appeared for oral argument before this court on November 29, 2011. On January 10, 2012, we ordered,[9] sua sponte, the trial court "to articulate the factual and legal basis for each and every item of damages awarded the plaintiffs against" Harte. The court filed its articulation on January 20, 2012. In its articulation, the court referred to Practice Book § 17-34 stating that that section "implies that each and every allegation

[7] Ourania Argentinis claimed $10,144.25 in attorney's fees, $2093.75 for surveyor's fees, $10,807.56 for the installation of a fence, $1500 for trespassing and nuisance, $4788.55 for negligent destruction of bushes, $10,000 for diminution in the value of the plaintiffs' property, $20,000 treble damages pursuant to § 52-560, $500 for storage of dirt on the plaintiffs' land and $500 for travel to Fairfield from their home in Georgia.

[8] The transcript from the hearing in damages contains the following colloquy between the court and counsel for the plaintiffs:

"The Court: And the basis for attorney's fees?

"[The Plaintiff's Counsel]: Oh. That would be . . . under § 52-560, punitive damages also can include attorney's fees under *O'Leary* v. *Industrial Park Corp.*, 211 Conn. 648 [651, 560 A.2d 968 (1989)].

"The Court: All right. I have an affidavit of damages by Ourania Argentinis. . . . Okay. And based on that affidavit, the Court will enter a judgment in favor of the plaintiff against the—

"[The Plaintiff's Counsel]: The defendant—these two defendants remaining are Brian Harte and his company Rivendell. Everyone else has been released.

"The Court: All right. Then we will enter judgment against those—those entities for the amount of $60,334.11, together with costs."

[9] The order was issued pursuant to Practice Book §§ 60-2 and 60-5.

of the plaintiffs' complaint is proven, except the amount of damages, and then only after a notice of defenses. No such notice of defenses was filed by the defendants and the defendants did not appear at the hearing in damages . . . . The court adopted the plaintiffs' Affidavit RE: Damages since it conforms to the allegations contained in the plaintiff's complaint."[10]

## I

## LIABILITY

On appeal, Harte claims that we should reverse the judgment against him because (1) he did not receive notice of the hearing and (2) deposition testimony and other facts demonstrate that he did not remove the plaintiffs' bushes. We disagree. Harte cannot prevail on his liability claims because he failed to file an answer to the amended complaint.

## A

As to his claim that he did not receive notice of the hearing in damages, the record demonstrates that notice was sent to Harte at his address of record. During oral argument before this court, Harte stated that the notice was delivered to his downstairs neighbor and was lost in "junk mail." It is axiomatic that this court does not take evidence and does not make factual determinations. See, e.g., *Weil* v. *Miller*, 185 Conn. 495, 502, 441 A.2d 142 (1981). Whether Harte was prevented from attending the hearing in damages "by mistake, accident or other reasonable cause"; see General Statutes § 52-212;[11] is not for this court to determine.

___

[10] The court provided a transcript of the hearing in damages and Ourania Argentinis' affidavit and its attachments.

[11] After he filed this appeal, on December 30, 2010, Harte filed a motion to open the judgment. It does not appear from the record that the trial court has ruled on that motion.

## B

Harte also claims that the deposition testimony of Fortuna and Stopa, the landscaper, demonstrate that he did not remove the bushes.[12] Although Harte entered an appearance, he never filed an answer to the plaintiffs' amended complaint nor a notice of defense. Our rules of practice therefore preclude him from challenging the allegations contained in the complaint. See Practice Book § 17-34.

Practice Book § 17-34 (a) provides "[i]n any hearing in damages upon default, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages, unless notice has been given to the plaintiff of the intention to contradict such allegations and of the subject matter which the defendant intends to contradict, nor shall the defendant be permitted to deny the right of the plaintiff to maintain such action, nor shall the defendant be permitted to prove any matter of defense, unless written notice has been given to the plaintiff of the intention to deny such right or to prove such matter of defense."

This court has noted that "[c]ase law makes clear . . . that once the defendants had been defaulted and had failed to file a notice of intent to present defenses, they, by operation of law, were deemed to have admitted to all the essential elements in the claim and would not be allowed to contest liability at the hearing in damages." (Internal quotation marks omitted.) *Abbott Terrace Health Center, Inc.* v. *Parawich,* 120 Conn. App. 78, 85, 990 A.2d 1267 (2010). "A default admits the

[12] Before this court, Harte stated that other defendants had informed him that the matter was settled. The record demonstrates that the plaintiffs' counsel certified that copies of the withdrawal of the action against Stopa were mailed to Harte. Apparently, Harte relied on such information to his detriment.

material facts that constitute a cause of action . . . and entry of default, when appropriately made, conclusively determines the liability of a defendant." (Internal quotation marks omitted.) *Schwartz* v. *Milazzo*, 84 Conn. App. 175, 178, 852 A.2d 847, cert. denied, 271 Conn. 942, 861 A.2d 515 (2004). "Following the entry of a default, all that remains is for the plaintiff to prove the amount of damages to which it is entitled. . . . At a minimum, the plaintiff in such instances is entitled to nominal damages." (Citation omitted.) *Abbott Terrace Health Center, Inc.* v. *Parawich*, supra, 86.

In this case, Harte failed to answer the plaintiffs' amended complaint and did not file a notice of defense. In count one of their amended complaint, the plaintiffs alleged that they owned the land on which the bushes that had been removed were situated by means of adverse possession. That claim was not litigated, as the named parties settled the suit prior to trial. In count two of their amended complaint, the plaintiffs alleged that they were entitled to a judicial determination that they owned the land. That count, too, was not adjudicated. Counts one and two, however, were incorporated in each of the counts of the amended complaint. By virtue of the fact that Harte did not file an answer to the amended complaint, he is deemed to have admitted that the plaintiffs owned the subject land, although there was never a judicial determination of the same. See *Whitaker* v. *Taylor*, 99 Conn. App. 719, 726–27, 916 A.2d 834 (2007). Harte therefore is liable to the plaintiffs for at least nominal damages.

An appellate court, however, may examine the allegations of a complaint to ascertain whether "they are sufficient on their face to establish a valid claim for the relief requested." *Abbott Terrace Health Center, Inc.* v. *Parawich*, supra, 120 Conn. App. 86. "Although the failure of a party to deny the material allegations of a

pleading operates so as to impliedly admit the allegations, a default does not automatically trigger judgment for, or the relief requested by, the pleader. The pleader is entitled to an entry of judgment or a grant of relief as a function of the nonresponsive party's default and the attendant implied admission only when the allegations in the well pleaded filing are sufficient on their face to make out a claim for judgment or relief. . . . While an admission carries with it all reasonable implications of fact and legal conclusions . . . the admission cannot traverse beyond the bounds of the underlying pleading and admit allegations not made by the pleader; the pleading is, unless leave is granted to modify, the ceiling." (Citations omitted; internal quotation marks omitted.) *Commissioner of Social Services* v. *Smith*, 265 Conn. 723, 736–37, 830 A.2d 228 (2003). In part II of this opinion, we consider the extent to which the plaintiffs are entitled to the relief they requested. See id.

## II

## DAMAGES

In his brief, which is spare, Harte claims that the "awarding of treble damages and punitive damages at the default judgment hearing under [§] 52-560 [was] entirely unjustified because evidence and depositions will prove conclusively that [he] did not remove or destroy any bushes on the [plaintiffs'] property." As stated in part I B of this opinion, Harte forfeited the opportunity to contest the factual underpinnings of his liability. Ordinarily, we would decline to review the instant claim because it is inadequately briefed. See *Paoletta* v. *Anchor Reef Club at Branford, LLC*, 123 Conn. App. 402, 406, 1 A.3d 1238, cert. denied, 298 Conn. 931, 5 A.3d 491 (2010). In certain instances, however, "dictated by the interests of justice, we may, sua sponte, exercise our inherent supervisory power to review an

unpreserved claim that has not been raised appropriately under the . . . plain error [doctrine]. . . . [O]ur supervisory powers are invoked only in the rare circumstance where [the] traditional protections are inadequate to ensure the fair and just administration of the courts . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Elson*, supra, 125 Conn. App. 361.[13] We conclude that this case presents one of those rare circumstances.

The plaintiffs here claim that Harte trespassed on their property, removed several bushes, created a nuisance and was unjustly enriched. In its articulation, the court stated that it adopted the plaintiffs' affidavit of debt because it conforms to the allegations of their amended complaint. On appeal, Harte questions the propriety of treble and punitive damages for the losses claimed. We conclude that the court's award of certain damages constitutes plain error.

We begin our analysis with a statement of the standard of review. "[T]he trial court has broad discretion in determining damages. . . . The determination of damages involves a question of fact that will not be overturned unless it is clearly erroneous. . . . Damages are recoverable only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty." (Internal quotation marks omitted.) *Utica Mutual Ins. Co.* v. *Precision Mechanical Services, Inc.*, 122 Conn. App. 448, 464, 998 A.2d 1228, cert. denied, 298 Conn. 926, 5 A.3d 487 (2010).

An award of damages is controlled by the allegations of the complaint. "The interpretation of pleadings is an

---

[13] "This court repeatedly has stated that plain error is not a rule of reviewability but a rule of reversal reserved for those cases in which the trial court's error is so obvious that it affects the integrity of and the public's confidence in the judicial system." *Hall* v. *Bergman*, 106 Conn. App. 660, 668 n.14, 943 A.2d 515 (2008), aff'd, 296 Conn. 169, 994 A.2d 666 (2010).

issue of law. As such, our review of the court's decisions in that regard is plenary. . . . The allegations of a complaint limit the issues to be decided on the trial of a case and are calculated to prevent surprise to opposing parties. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . . The purpose of a complaint . . . is to limit the issues at trial . . . . Facts found but not averred cannot be made the basis for a recovery." (Citation omitted; internal quotation marks omitted.) *Stamford Landing Condominium Assn., Inc.* v. *Lerman*, 109 Conn. App. 261, 271, 951 A.2d 642, cert. denied, 289 Conn. 938, 958 A.2d 1246 (2008). The task before us is to examine the allegations of the plaintiffs' amended complaint to ascertain whether "they are sufficient on their face to establish a valid claim for the relief requested." *Abbott Terrace Health Center, Inc.* v. *Parawich,* supra, 120 Conn. App. 86.

"It is axiomatic that the burden of proving damages is on the party claiming them. . . . When damages are claimed, they are an essential element of the plaintiff's proof and must be proved with reasonable certainty. . . . Damages are recoverable only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty." (Citations omitted; internal quotation marks omitted.) *Stamford Landing Condominium Assn., Inc.* v. *Lerman,* supra, 109 Conn. App. 272.

In the affidavit of debt signed by Ourania Argentinis, the plaintiffs sought the following damages: $10,144.25 for attorney's fees, $2093.75 for surveyor's fees, $10,807.56 for installation of a fence around the plaintiffs' property, $10,000 for the diminution in the value of the land, treble damages pursuant to § 52-560, $4788.55 to replace shrubbery, $500 for unjust enrichment, $1500 for trespass and creation of a nuisance and $500 for travel expenses. In their prayer for relief, the

plaintiffs sought a judgment determining the rights of the parties in the subject strip of land, equitable relief, costs, damages, treble damages pursuant to § 52-560, interest and such other and further relief as the court deemed proper.

At the hearing in damages, when asked the basis of the claim for attorney's fees, the plaintiffs' counsel stated "under § 52-560, punitive damages also can include attorney's fees." Section 52-560 provides in relevant part: "Any person who cuts, destroys or carries away any . . . shrubbery, standing or lying on the land of another . . . without license of the owner, and any person who aids therein, shall pay to the party injured . . . three times the reasonable value of any . . . shrubbery; but when the court is satisfied that the defendant was guilty through mistake and believed that the . . . shrubbery was growing on his land, or on the land of the person for whom he cut the . . . shrubbery, it shall render judgment for no more than its reasonable value."

It is a principle of statutory construction that "a court must construe a statute as written." (Internal quotation marks omitted.) *State* v. *Singleton*, 292 Conn. 734, 766, 974 A.2d 679 (2009). "We are not permitted to supply statutory language that the legislature may have chosen to omit." (Internal quotation marks omitted.) *Ventres* v. *Goodspeed Airport, LLC*, 275 Conn. 105, 160, 881 A.2d 937 (2005), cert. denied, 547 U.S. 1111, 126 S. Ct. 1913, 164 L. Ed. 2d 664 (2006). Although § 52-560 provides that a person who cuts shrubbery without license of the owner shall pay "three times the reasonable value" of any shrubbery, nowhere does it provide for attorney's fees or punitive damages. "[W]hen a cause of action has been created by a statute which expressly provides the remedies for vindication of the cause, other remedies should not readily be implied. . . . The ability to provide for such damages under § 52-560, as

the plaintiff claims here, is a matter for the legislature. As the Supreme Court said in a case where attorney's fees were provided under certain provisions of a statute and not elsewhere in that statute: To put it simply, when the General Assembly wanted to authorize the award of attorney's fees it knew how to do it." (Citations omitted; internal quotation marks omitted.) *Koennicke* v. *Maiorano*, 43 Conn. App. 1, 31–32, 682 A.2d 1046 (1996). The plaintiffs therefore were not entitled to attorney's fees under § 52-560.

The plaintiffs sought damages for the removal of the bushes pursuant to § 52-560 and under the common law of negligent destruction of shrubs.[14] In association with the loss of the bushes, Ourania Argentinis' affidavit of debt claims $10,000 for the diminution in the value of the plaintiffs' property, $10,807.56 to construct a fence

---

[14] "*Ventres* v. *Goodspeed Airport, LLC*, [supra, 275 Conn. 158–61], raises but does not decide the issue of whether § 52-560 preempts common law." *Caciopoli* v. *Lebowitz*, 131 Conn. App. 306, 313, 26 A.3d 136, cert. granted, 303 Conn. 913, 32 A.3d 965 (2011). In *Caciopoli*, the defendant's petition for certification to appeal was granted limited to the following question: "Does . . . § 52-560 preempt the common-law rule of damages for cutting down trees located on another person's property?" *Caciopoli* v. *Lebowitz*, supra, 303 Conn. 913. The question in *Caciopoli* was the proper measure of damages for timber trespass. *Caciopoli* v. *Lebowitz*, supra, 131 Conn. App. 311.

"Common law provides at least three remedies for intentional trespass in situations in which trees have been removed. In an action for timber trespass, [i]t is an appropriate remedy either for the recovery of damages for the mere unlawful entry upon the plaintiff's land; for the recovery of the value of the trees removed, considered separately from the land; or for the recovery of damages to the land resulting from the special value of the trees as shade or ornamental trees while standing on the land. For a mere unlawful entry upon land nominal damages only would be awarded. If the purpose of the action is only to recover the value of the trees as chattels, after severance from the soil, the rule of damages is the market value of the trees for timber or fuel. For the injury resulting to the land from the destruction of trees which, as part of the land, have a peculiar value as shade or ornamental trees, a different rule of damages obtains, namely, the reduction in the pecuniary value of the land occasioned by the act complained of." (Internal quotation marks omitted.) Id., 311–12.

around the plaintiffs' *entire* property, treble damages[15] and more than $4700 to replace the bushes. The court awarded the plaintiffs all damages requested, which constitutes error.

We next address the plaintiffs' request of treble damages for removal of the bushes pursuant to § 52-560. Although § 52-560 provides for treble damages for the cutting of trees and shrubs under certain circumstances, it also provides that "when the court is satisfied that the defendant was guilty through mistake and believed that the . . . shrubbery was growing on his land, or on the land of the person for whom he cut the . . . shrubbery, it shall render judgment for no more than its reasonable value." In counts one and two of their amended complaint, the plaintiffs pleaded adverse possession and quiet title pursuant to General Statutes § 47-31, respectively. By alleging those two counts, the plaintiffs, in effect, concede that the ownership of the strip of land on which the subject bushes were situated was disputed. See *Dreier* v. *Upjohn Co.*, 196 Conn. 242, 248, 492 A.2d 164 (1985) ("[f]actual allegations contained in pleadings upon which the cause is tried are considered judicial admissions and hence irrefutable

---

[15] In her affidavit of debt, which never mentions Harte by name, Ourania Argentinis attested: "I am also claiming treble damages because in his deposition [the] [d]efendant stated on page 38 of his deposition that not the entire bush was on his client [Fortuna's] land. This proves to me that he knew that the bushes were not on the Fortuna property but he went ahead and cut them anyway." The deposition testimony to which Ourania Argentinis refers is not attached to her affidavit of debt. Deposition testimony is an evidentiary admission as opposed to a conclusive judicial admission. See *Bowen* v. *Serksnas*, 121 Conn. App. 503, 518 n.12, 997 A.2d 573 (2010) (judicial admissions are conclusive on trier of fact; evidentiary admissions are only evidence to be accepted or rejected).

Moreover, Harte contends that Stopa testified at his deposition that he, Stopa, removed the bushes. Harte unsuccessfully attempted to place portions of Stopa's deposition testimony in the record. When questioned during oral argument, the plaintiffs' counsel did not disclose the terms of the plaintiffs' settlement with some of the other defendants.

as long as they remain in the case"). A reasonable inference to be drawn from the plaintiffs' allegations is that Fortuna and her contractors reasonably believed the bushes were on Fortuna's property.

Moreover, the record contains no factual finding as to the owner of the strip of land where the bushes were situated and the judgment file contains no record of judgment as to counts one and two of the amended complaint. Without such a finding or judgment, it is not possible to determine whether treble damages or reasonable value was the appropriate measure of damages. Although the pleadings in this case are somewhat similar in kind to those alleged in *Koennicke* v. *Maiorano*, supra, 43 Conn. App. 1, in that quiet title and violation of § 52-560 are alleged, the trial court in *Koennicke* quieted title to the subject land in the plaintiff in that case. Id., 4, 30–31.

In this case, the plaintiffs' affidavit of debt seeks damages for the diminution in the value of their property due to the removal of the bushes. "In determining the proper measure of damages for injury to land, [t]he legal effort . . . is to compensate the landowner for the damage done. . . . This is essentially true whether the injury is redressed under a theory of tort or breach of contract. . . . The basic measure of damages for injury to real property is the resultant diminution in its value. . . . There is, however, a well established exception to this formula; such diminution in value may be determined by the cost of repairing the damage, provided, of course, that that cost does not exceed the former value of the property and provided also that the repairs do not enhance the value of the property over what it was before it was damaged. . . . The cost of repairs, therefore, is a proxy for diminution in value caused by damage to property. Because these are, in effect, alternative measures of damages, the plaintiff need not introduce evidence of both diminution in value

and cost of repairs." (Internal quotation marks omitted.) *Centimark Corp.* v. *Village Manor Associates Ltd. Partnership*, 113 Conn. App. 509, 529–30, 967 A.2d 550, cert. denied, 292 Conn. 907, 973 A.2d 103 (2009). The plaintiffs may be compensated only for the diminution in the value of their property or the cost of repair to its original condition, not both and no more.

The plaintiffs also sought $4788 to replace the bushes pursuant to their negligent destruction of bushes count in addition to their claims under § 52-560. "[A] plaintiff may be compensated only once for his just damages for the same injury." (Internal quotation marks omitted.) *Mahon* v. *B.V. Unitron Mfg., Inc.*, 284 Conn. 645, 661, 935 A.2d 1004 (2007). "[T]he rule precluding double recovery is a simple and time-honored maxim that [a] plaintiff may be compensated only once for his just damages for the same injury. . . . Connecticut courts consistently have upheld and endorsed the principle that a litigant may recover just damages for the same loss only once. The social policy behind this concept is that it is a waste of society's economic resources to do more than compensate an injured party for a loss and, therefore, that the judicial machinery should not be engaged in shifting a loss in order to create such an economic waste." (Internal quotation marks omitted.) Id., 663. The plaintiffs therefore are not entitled to be compensated both for the diminution in the value of their property and the replacement cost of the bushes.

The plaintiffs also sought damages to pay for the installation of a fence around their entire property. By analogy, "[a]s a general rule, in awarding damages upon a breach of contract, the prevailing party is entitled to compensation which will place [it] in the same position [it] would have been in had the contract been properly performed." (Internal quotation marks omitted.) *Naples* v. *Keystone Building & Development Corp.*, 295 Conn. 214, 224, 990 A.2d 326 (2010). "The repairs, however,

may not result in improvements to the property, in the sense that they may not be of a different and superior type than they would have been had they been constructed as warranted." (Internal quotation marks omitted.) Id. The plaintiffs alleged the loss of certain bushes on one side of their property, bordering their property and Fortuna's. The installation of a fence on the disputed side of their property is not an appropriate remedy for the loss of the bushes, much less the installation of a fence around their *entire* property. It was improper for the court to award the plaintiffs damages for the installation of the fence around their property.

As counsel for the plaintiffs informed the court at the hearing in damages, only five of the seven counts of the complaint are alleged against Harte. The first two counts of the complaint sounding in adverse possession and quiet title are alleged against Fortuna. Any costs, such as the surveyor's fees, related to the determination of who owned the land where the bushes were situated were improperly assessed against Harte, as there is no allegation that he had an ownership interest in either of the adjoining pieces of real property on Catherine Terrace in Fairfield.[16]

The plaintiffs also allege trespass in that "Fortuna and/or her contractors intentionally entered and continue to enter said property of the plaintiff or parts thereof disrupting said property and pulling up bushes." Moreover, as "a direct and proximate result of such entries . . . Ourania Argentinis and her real property, has and continues to suffer damages." At the hearing in damages, the plaintiffs sought $1500 for trespass on the basis of repetitive trespass and $500 for the cost of travel to Connecticut from their home in Georgia to

---

[16] The trial court file contains a motion to enforce a settlement agreement filed by Fortuna's counsel. The settlement agreement addresses a survey and the installation of monuments between the land owned by the plaintiffs and Fortuna.

keep an eye on their Fairfield property. The plaintiffs' amended complaint does not allege travel as an element of damages. Living in Georgia is a choice the plaintiffs made and any costs they incurred traveling to and from Connecticut are not attributable to Harte. Moreover, the facts of this case allege a temporary, not a permanent, trespass.

"The measure of damages to be awarded for an injury resulting from a trespass depends upon whether the injury is permanent or temporary . . . . A temporary injury is one which may be abated or discontinued at any time . . . . [W]here the trespass is temporary in character, only those damages may be recovered which have accrued up to the time of the commencement of the action, since it is not to be presumed that the trespass will continue. . . . When injury to property resulting from a trespass is remedial by restoration or repair, it is considered to be temporary, and the measure o[f] damages is the cost of restoration and repair." (Citations omitted; internal quotation marks omitted.) *Bristol* v. *Tilcon Minerals, Inc.*, 284 Conn. 55, 90, 931 A.2d 237 (2007). In this case, the proper measure of damages was the cost of repair.

The plaintiffs also sought damages of $500 for unjust enrichment. They alleged, in part, that the defendants "have used the [t]respass [a]rea from the time of [the] initial trespass to the present time and continue to use said area . . . for the storage of . . . dirt on [the plaintiffs'] property . . . [and] have been unjustly enriched to by virtue of [the defendants'] failure to pay for said use by them of the trespass area." The unjust enrichment count is derivative of the plaintiffs' trespass claim, which sounds in tort.

"[A] claim for unjust enrichment has broad dimensions. Unjust enrichment applies wherever justice

requires compensation to be given for property or services rendered under a *contract*, and no remedy is available by an action on the contract. . . . A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . . With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and conduct of the parties and apply this standard. . . . Unjust enrichment is, consistent with the principles of equity, a broad and flexible remedy. . . . Recovery [under unjust enrichment] is proper if the defendant was benefited, the defendant did not pay for the benefit and the failure of payment operated to the detriment of the plaintiff." (Citations omitted; emphasis added; internal quotation marks omitted.) *Rent-A-PC, Inc.* v. *Rental Management, Inc.*, 96 Conn. App. 600, 604–605, 901 A.2d 720 (2006). A claim for unjust enrichment is not applicable in this case because the plaintiffs' claim sounds in trespass, not contract.

In count seven of the amended complaint, the plaintiffs alleged that, in renovating Fortuna's house, the defendants created a nuisance in one or more of the following ways: changing the roof line of the plans submitted to the Fairfield building department, changing the grade on Fortuna's land "which will result" in a water run off problem for the plaintiffs' lot and placing an air-conditioning unit between the plaintiffs' land and Fortuna's land. The plaintiffs alleged that on information and belief, the Fairfield engineering department advised Fortuna to install gutters and a water retention system. Moreover, they alleged that Fortuna's "refusal

to incorporate and execute the town engineer's recommendation is unreasonable."

"A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land. . . . The law of private nuisance springs from the general principle that [i]t is the duty of every person to make a reasonable use of his own property so as to occasion no unnecessary damage or annoyance to his neighbor. . . . The essence of a private nuisance is an interference with the use and enjoyment of land. . . . [I]n order to recover damages in a common-law private nuisance cause of action, a plaintiff must show that the defendant's conduct was the proximate cause of an *unreasonable* interference with the plaintiff's use and enjoyment of his or her property. The interference may be either intentional . . . or the result of the defendant's negligence. . . . The determination of whether the interference is unreasonable should be made in light of the fact that some level of interference is inherent in modern society. There are few, if any, places remaining where an individual may rest assured that he will be able to use and enjoy his property free from all interference. Accordingly, *the interference must be substantial to be unreasonable.*" (Citations omitted; emphasis in original; internal quotation marks omitted.) *Kinsale, LLC* v. *Tombari*, 95 Conn. App. 472, 482–83, 897 A.2d 646 (2006).

Nowhere in their amended complaint did the plaintiffs allege that Fortuna's, let alone Harte's, refusal to incorporate the town engineer's recommendation was a substantial interference with the use of the plaintiffs' land. See id., 483. "Facts found but not averred cannot be made the basis for a recovery." (Internal quotation marks omitted.) *Stamford Landing Condominium Assn., Inc.* v. *Lerman,* supra, 109 Conn. App. 271.

On the basis of our review of the plaintiffs' amended complaint, their affidavit of debt and the court's articulation, we conclude that the court's awarding the plaintiffs all of the damages listed in their affidavit of debt constitutes plain error. "[This] court may reverse . . . the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law." Practice Book § 60-5. Harte failed to answer the plaintiffs' complaint and is therefore liable to the plaintiffs for at least nominal damages. The plaintiffs are entitled to damages for the injuries they sustained, but the damages they are awarded may not put them in a better position than they were in before Fortuna undertook to renovate her home. A new hearing in damages is required.

The judgment as to Harte is reversed only as to the award of damages and the case as to him is remanded for a new hearing in damages; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.