******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BRIAN DAWSON *v.* JESSICA BRITAGNA
(AC 37302)

Gruendel, Alvord and Mullins, Js.

*Submitted on briefs December 15, 2015—officially released February 2, 2016*

(Appeal from Superior Court, judicial district of New
London, Hon. Robert C. Leuba, judge trial referee
[denial of motion to open].)

*James Colin Mulholland*, filed a brief for the appellant (defendant).

*Opinion*

ALVORD, J. The defendant, Jessica Britagna, appeals from the judgment of the trial court denying her motion to open a default judgment rendered in favor of the plaintiff, Brian Dawson. On appeal, the defendant claims that the court improperly failed to conclude that the default judgment was "void as a matter of law" because (1) the plaintiff failed to follow proper procedures in obtaining the judgment, and (2) the court granted relief on a claim or cause of action not alleged in the complaint. We disagree and, accordingly, affirm the judgment of the trial court.

The plaintiff commenced this action against the defendant on May 20, 2010. In his one count complaint, he alleged breach of contract and sought "[f]air, just and reasonable money damages" and "[s]uch other and further relief as the [c]ourt finds just and equitable." The defendant filed an appearance on June 18, 2010.

From that point, the case has had a convoluted procedural history. On August 22, 2011, the plaintiff filed a certificate of closed pleadings and a claim for the trial list, even though the defendant had not filed a responsive pleading to the complaint. On October 26, 2011, the plaintiff filed a motion for default against the defendant for her failure to appear, which was denied by the court clerk on November 3, 2011, for the reason that an appearance had been filed on June 18, 2010. On November 7, 2011, the plaintiff filed a "Motion for Default and Judgment for Failure to Answer and to Plead," which was denied by the court clerk as being an "improper" motion. The notice of denial contained the following statement: "Please see § 17-32 of the Connecticut Practice Book for the proper order and timing of motions."

On December 7, 2011, the plaintiff filed a motion for default against the defendant for her failure to plead, which was granted by the court clerk on December 20, 2011. On January 3, 2012, the plaintiff filed a motion for judgment. The court, *Hon. Joseph J. Purtill*, judge trial referee, denied that motion with the following explanation: "Judgment cannot be entered without an affidavit or other evidence of damages." The plaintiff's affidavit thereafter was filed with the court, and a hearing in damages was held on February 28, 2012. Judge Purtill granted the plaintiff's motion for judgment: "Default having been entered against [the] defendant on [December 20, 2011] after hearing and based upon [the] affidavit, judgment is entered against [the] defendant in the amount of $70,000, together with costs." A court generated notice of the order and judgment was sent to all parties of record on February 29, 2012.[1]

On July 30, 2014, more than two years after the default judgment was rendered, the defendant filed a motion to open and vacate the judgment on the ground that

"it is void as a matter of law." The plaintiff filed an objection to the defendant's motion, with a supporting memorandum of law, on September 12, 2014. On September 29, 2014, the court, *Hon. Robert C. Leuba*, judge trial referee, denied the defendant's motion on the ground that it was "filed after the time provided by rule," and sustained the plaintiff's objection to that motion. The defendant appealed from the court's orders on October 16, 2014. That same day, the defendant filed a motion to reargue the court's orders, to which the plaintiff filed an objection on October 27, 2014. On November 5, 2014, the court sent the following notice to the parties: "The motion for reargument is granted. The matter will be set down for a hearing at which time both parties may be heard in argument on the issues raised by the defendant in her motion."

Following a hearing, Judge Leuba entered the following order on December 4, 2014, and court generated notices were sent to the parties: "After hearing the arguments of the parties on the Motion to Set Aside the Judgment in this matter, the court has reconsidered the prior ruling in light of said arguments and all of the filings in the file relating to the same. After such reconsideration, the court affirms the denial of the motion. The court does not find the judgment void. The motion was not timely filed."

The defendant filed an amended appeal on December 17, 2014, to include the court's ruling on her motion for reargument. On February 11, 2015, pursuant to Practice Book §§ 64-1 and 6-1, Judge Leuba filed a memorandum of decision on the defendant's motion to open the judgment. In that decision, the court set forth the procedural background of the case, the defendant's claims with respect to alleged pleading irregularities in obtaining the default judgment, the defendant's claim that the relief granted by the court had not been sought in the complaint, a detailed analysis of all of the defendant's claims, the court's conclusion that the default judgment was not void, and the court's determination that the defendant's motion to open and vacate the judgment had not been timely filed.

I

We first address the defendant's claim that the "plaintiff's failure to follow proper procedures in obtaining his default judgment" rendered the default judgment "void as a matter of law." We begin with the general rule applicable to our review of a trial court's determination on a motion to open a judgment. "The principles that govern motions to open or set aside a civil judgment are well established. A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court

must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did. . . .

"To open a judgment pursuant to Practice Book § 17-43 (a) and General Statutes § 52-212 (a), the movant must make a two part showing that (1) a good defense existed at the time an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of mistake, accident or other reasonable cause. . . . The party moving to open a default judgment must not only allege, but also make a showing sufficient to satisfy the two-pronged test [governing the opening of default judgments]. . . . The negligence of a party or his counsel is insufficient for purposes of § 52-212 to set aside a default judgment. . . . Finally, because the movant must satisfy both prongs of this analysis, failure to meet either prong is fatal to its motion." (Internal quotation marks omitted.) *Little* v. *Mackeyboy Auto, LLC*, 142 Conn. App. 14, 18–19, 62 A.3d 1164 (2013).

"Although . . . § 52-212 . . . normally limit[s] the authority [of the trial court] to open judgments to a four month period, [this statute does] not preclude the opening of a default judgment that is rendered without jurisdiction over a defendant. . . . As a matter of law, in the absence of jurisdiction over the parties, a judgment is void ab initio and is subject to both direct and collateral attack. . . . A trial court's authority to open such judgments does not arise from . . . § 52-212 (a) or Practice Book [§ 17-43] but from its inherent power to open a judgment rendered without jurisdiction. . . . In other words, a court always has the inherent authority to open a default judgment, irrespective of the four month rule and the valid defense and good cause requirement in Practice Book § 17-43 and General Statutes § 52-212 (a), if the judgment was rendered without jurisdiction of the parties or of the subject matter." (Internal quotation marks omitted.) *Weinstein & Wisser, P.C.* v. *Cornelius*, 151 Conn. App. 174, 180–81, 94 A.3d 700 (2014).

Applying the foregoing legal principles, the four month rule for filing a motion to open and vacate a judgment would not be applicable to a void judgment. If the defendant is correct that the procedural irregularities in obtaining the default judgment rendered that judgment void, then the court's determination that the defendant's motion was not timely filed would be erroneous.

The defendant sets forth the following irregularities in support of her argument that the judgment was void as a matter of law: (1) the plaintiff filed a certificate of closed pleadings and claimed the case for a hearing in damages before filing a motion for default for failure to plead, (2) the plaintiff filed a motion for a default judgment for failure to plead fourteen days after the

issuance of the notice of default instead of the minimum fifteen days required by Practice Book § 17-32 (b), and (3) the plaintiff failed to file "an affidavit or other evidence of damages" with his motion for judgment. The trial court, in its February 11, 2015 memorandum of decision, found that these claimed irregularities did exist. Nevertheless, the court concluded that the defendant had not been harmed because the default judgment was not rendered until February 28, 2012, and the claimed irregularities "did not enter into the procedure by which the judgment was eventually entered . . . ."

It is undisputed that the defendant had filed an appearance. There is no claim on appeal that the defendant failed to receive notices of the various scheduled hearings and court orders, and, yet, she never attempted to file an answer or other responsive pleading or to participate in any proceedings leading to the rendering of the default judgment. More than two years after the default judgment was rendered, the defendant attempted to open and vacate that judgment claiming procedural irregularities. We also note that the defendant has cited no authority whatsoever for her argument that such irregularities, under circumstances similar to this case, render the default judgment void as a matter of law. Accordingly, these claims fail.

## II

The defendant next claims that the default judgment was void as a matter of law because "the judgment obtained by the plaintiff was wholly inconsistent with the relief sought in the complaint." Specifically, the defendant argues that "[t]here is most definitely no claim made in the complaint for return of mon[eys] loaned or invested in the business enterprise."[2]

After the hearing in damages, Judge Purtill awarded $70,000, together with costs, on the basis of the testimony at the hearing and the plaintiff's affidavit. That amount represented the sums the plaintiff averred that he had extended to the defendant "for the purpose of purchasing and stocking a Sprint Store for telephone sales . . . in Groton . . . ." The defendant claims that the plaintiff alleged a tort claim arising out of a breach of contract and that the plaintiff "changed his claim to one for mon[eys] loaned . . . contrary to what he claimed in his complaint." The trial court, in its February 11, 2015 memorandum of decision, concluded that the defendant's claim was "not supported by a fair reading of the whole complaint." We agree with the trial court.

In his complaint, the plaintiff alleged the following: "On or about the period of August 2008 to December 2008, Plaintiff and Defendant orally agreed that for the sum of and about $60,000, defendant would open and operate the Sprint Store located on Long Hill Road in Groton. That in exchange for a share in the profits and

a return of his investment capital of $60,000, plaintiff did in fact exchange this same amount to the defendant. In fact, this same amount has been added to over time since December, 2008 by plaintiff to defendant. That defendant did in fact accept such money and did purchase the Sprint Store, its stock and merchandise necessary to effectuate the legitimate operation of the store in furtherance and completion of the agreement between plaintiff and defendant."

The plaintiff further alleged that "[o]n or about December, 2008 to the present time, defendant has steadfastly refused to either return the cash principal of or about $60,000 to plaintiff or any of the profits of the Sprint Store as agreed upon." On the basis of the facts alleged, the plaintiff claimed that the defendant breached their contract "by refusing to return the principal and/or the profits . . . ." The plaintiff sought "[f]air, just and reasonable money damages." Although the plaintiff initially claimed, inter alia, that he suffered damage to his reputation and emotional distress, he abandoned those claims at the hearing in damages and sought only the return of the moneys he had loaned the defendant. He testified at the hearing that he had loaned her a total of $70,000, which was the amount awarded by the court.

"[T]he interpretation of pleadings is always a question of law for the court . . . . Our review of the trial court's interpretation of the pleadings therefore is plenary. We note that [t]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . [T]he complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties." (Emphasis omitted; internal quotation marks omitted.) *Bochanis* v. *Sweeney*, 148 Conn. App. 616, 628, 86 A.3d 486, cert. denied, 311 Conn. 949, 90 A.3d 978 (2014). By including a claim for emotional distress damages in his complaint, it is true that the "format" was "unusual," as noted in the court's February 11, 2015 memorandum of decision. Nevertheless, we agree with the court that the plaintiff's "intent is clear" from "a fair reading of the whole complaint." This is particularly true when, by allowing the default judgment to enter, the defendant had admitted all the essential elements contained in the plaintiff's complaint. See *Argentinis* v. *Fortuna*, 134 Conn. App. 538, 545–46, 39 A.3d 1207 (2012).[3]

Accordingly, we conclude that the relief awarded by the trial court was within the scope of the complaint and that the court correctly determined that the default judgment was not void as a matter of law. Because the default judgment was not void, the court did not abuse its discretion in denying the defendant's motion to open and vacate the judgment on the ground that the motion

was not timely filed.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff, by certificate of service filed with the court on November 27, 2013, certified that he mailed a copy of the judgment order to the defendant on November 27, 2013.

[2] "A judgment upon an issue not pleaded would not merely be erroneous, but it would be void." (Internal quotation marks omitted.) *Foncello* v. *Amorossi*, 284 Conn. 225, 233, 931 A.2d 924 (2007).

[3] "This court has noted that [c]ase law makes clear . . . that once the defendants had been defaulted and had failed to file a notice of intent to present defenses, they, by operation of law, were deemed to have admitted to all the essential elements in the claim and would not be allowed to contest liability at the hearing in damages. . . . A default admits the material facts that constitute a cause of action . . . and entry of default, when appropriately made, conclusively determines the liability of a defendant. . . . Following the entry of a default, all that remains is for the plaintiff to prove the amount of damages to which it is entitled." (Citations omitted; internal quotation marks omitted.) *Argentinis* v. *Fortuna*, supra, 134 Conn. App. 545–46.