MARVIN NELSON *v.* THE CONTRACTING
GROUP, LLC
(AC 31448)

Lavine, Robinson and Flynn, Js.

Argued November 29, 2010—officially released March 1, 2011

*Dominic J. Caciopoli*, for the appellant (defendant).

*Tara L. Shaw*, for the appellee (plaintiff).

*Opinion*

ROBINSON, J. The defendant, The Contracting Group, LLC, appeals to this court following the denial

of its motion to open the judgment rendered by the trial court in favor of the plaintiff, Marvin Nelson. On appeal, the defendant claims that the court abused its discretion in denying its motion to open. We affirm the judgment of the trial court.

The record reveals the following factual and procedural history. The defendant was engaged in the business of rehabilitating commercial buildings. The plaintiff was employed by the defendant as a laborer. In June, 2007, the defendant assigned the plaintiff to work at a site on Willow Street in Waterbury (Willow Street site), where there was a significant infestation of mold. While there, the defendant instructed the plaintiff to scrub the walls with bleach. As a result of the working conditions, the plaintiff began having problems with his vision. The plaintiff sought medical attention for his eye injuries, and, when his eye injuries did not improve over time, the plaintiff spoke to the defendant's superintendent about seeking additional medical attention covered by workers' compensation. In January, 2008, the plaintiff filed a workers' compensation claim against the defendant. Not long after the filing of the workers' compensation claim, the defendant terminated the plaintiff's employment.

The plaintiff commenced the present action against the defendant on March 14, 2008, by service of process and thereafter by filing a complaint with a return date of April 15, 2008. In his complaint, the plaintiff alleged that he had been wrongfully discharged by the defendant. Specifically, the plaintiff alleged that he had been discharged by the defendant in retaliation for asserting his rights to workers' compensation benefits. The plaintiff alleged that, after he filed his claim, his supervisors and coworkers began to harass him, making comments to him that included, "heard you're trying to sue us," and, "we've got good lawyers for that." The defendant did not file an appearance or respond in any manner

to the plaintiff's complaint. Accordingly, on August 5, 2008, the plaintiff, pursuant to Practice Book § 17-20 (a),[1] filed a motion to default the defendant for failure to appear, which was granted on August 7, 2008. A certificate of closed pleadings was filed on September 9, 2008, at which time the plaintiff claimed the matter for a hearing in damages. The plaintiff's counsel certified that copies of the motion and the certificate of closed pleadings were mailed to the defendant and its agent for service. Thereafter, the matter proceeded to a hearing in damages, and, on April 15, 2009, after a completed trial to the court, the court rendered judgment in favor of the plaintiff. The defendant failed to attend the hearing in damages. Subsequently, the plaintiff applied to the court for a bank execution, which was issued on May 22, 2009.

On July 14, 2009, the defendant filed an appearance together with a motion to open the judgment pursuant to Practice Book § 17-43 (a). In its motion, the defendant asserted that it had a good defense that existed at the time judgment was rendered on April 15, 2009, and that it was prevented from making that defense because it believed that it had an agreement with the plaintiff under which the plaintiff's counsel would contact the defendant before moving forward with the litigation. The court heard argument on the matter, and, in its memorandum of decision filed August 19, 2009, denied the defendant's motion to open the judgment. This appeal followed.

The defendant claims that the court improperly denied its motion to open the judgment. We disagree.

We first set forth our standard of review. "The principles that govern motions to open or set aside a civil

---

[1] Practice Book § 17-20 (a) provides in relevant part that "if no appearance has been entered for any party to any action on or before the second day following the return day, any other party to the action may make a motion that a . . . default be entered for failure to appear."

judgment are well established. A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Bove* v. *Bove*, 103 Conn. App. 347, 351, 930 A.2d 712 (2007).

To open a judgment pursuant to Practice Book § 17-43 (a) and General Statutes § 52-212 (a), the movant must make a two part showing that "(1) a good defense existed at the time an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of mistake, accident or other reasonable cause." (Internal quotation marks omitted.) *State* v. *Ritz Realty Corp.*, 63 Conn. App. 544, 548, 776 A.2d 1195 (2001). The party moving to open a default judgment "must not only allege, but also make a showing sufficient to satisfy the two-pronged test [governing the opening of default judgments]." (Citations omitted; internal quotation marks omitted.) *Eastern Elevator Co.* v. *Scalzi*, 193 Conn. 128, 133–34, 474 A.2d 456 (1984). The negligence of a party or his counsel is insufficient for purposes of § 52-212 to set aside a default judgment. *Segretario* v. *Stewart-Warner Corp.*, 9 Conn. App. 355, 362–63, 519 A.2d 76 (1986). Finally, because the movant must satisfy both prongs of this analysis, failure to meet either prong is fatal to its motion.

After careful review of the record, we conclude that the court did not abuse its discretion in denying the defendant's motion to open the judgment because the court reasonably could have concluded that the defendant did not satisfy the second prong of Practice Book

§ 17-43 (a). In its motion to open the judgment, the defendant asserted a "complete defense" to the plaintiff's allegation that termination of the plaintiff's employment was retaliatory. The defendant contended that the plaintiff's employment was terminated because the job at the Willow Street site had been substantially completed and not because he asserted his rights to workers' compensation benefits. In an affidavit attached to the motion, the defendant's counsel stated that he did not raise this defense or file an appearance before judgment had entered because he was under the mistaken belief that he had an agreement with the plaintiff's counsel under which the plaintiff's counsel would contact him before moving forward with the litigation.

In its memorandum of decision, the court concluded that the mistaken belief by the defendant's counsel was an insufficient reason to open the judgment in light of the circumstances of the case. The court's conclusion is supported by the record. The record demonstrates that the defendant was served with the complaint on March 14, 2008, and, therefore, it had notice of the pendency of the action. Additionally, the defendant had been notified on at least two occasions that the plaintiff had moved forward with the litigation. A motion for default for failure to appear and a certificate of closed pleadings claiming the matter for a hearing in damages to the court were filed on August 5, 2008, and September 9, 2008, respectively; the plaintiff's counsel certified that notice of both pleadings was mailed to the defendant and its agent for service on the same dates. The motion for default for failure to appear was granted on August 7, 2008, and the record indicates that notice of the granting of the default was mailed to the defendant on August 11, 2008. The defendant did not deny that it had received these notifications. Nevertheless, it took the defendant approximately one year from the date

that the court granted the plaintiff's motion for default to file an appearance. On the basis of the record and the circumstances of this default, we conclude that the court did not abuse its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.