DEVORE ASSOCIATES, LLC *v.* ALAN M. SORKIN
(AC 31943)

DiPentima, C. J., and Espinosa and Pellegrino, Js.

Argued September 22—officially released November 22, 2011

*Anthony B. Corleto*, with whom, on the brief, was *Christopher Antoci*, for the appellant (defendant).

*Bruce L. Elstein*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The principal issue in this appeal is whether the trial court properly denied the motion of the defendant, Alan M. Sorkin, to open the judgment granting the application to compel arbitration filed by the plaintiff, Devore Associates, LLC, and defaulting the defendant for his failure to appear at the scheduled

hearing on that application. We affirm the judgment of the trial court.

The trial court set forth the following facts and procedural history, which are relevant to this appeal in ruling on the defendant's motion. "[The plaintiff's] application to compel arbitration . . . claims that on August 31, 2005, the plaintiff entered into a written agreement to perform landscape architectural services for the defendant for a fee. The agreement contained an arbitration clause: 'If a claim, dispute, or other matters in question between the parties to this agreement arise out of or relate to this agreement [or] the breach thereof, the parties agree to endeavor to obtain settlement in an amicable manner by recourse to mediation or arbitration under the applicable rules of the American Arbitration Association [the arbitration association], or by other mutually agreed to means. If arbitration becomes necessary, the award rendered by the arbitrators shall be final and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.' Thereafter, a fee dispute developed between the parties. On May 9, 2008, the plaintiff initiated an arbitration proceeding with the arbitration association. The defendant submitted a response on May 27, 2008, in which he admitted to the execution of the agreement between them and filed a counterclaim for damages. The parties agreed to attempt to settle the matter by mediation. On October 10, 2008, the parties attended a mediation session but failed to settle. On that same date, the plaintiff attempted to obtain a date for the arbitration hearing. The arbitration association assigned an arbitrator, who endeavored to conduct a prehearing conference to set the discovery and hearing schedule. The defendant refused to participate in that hearing. . . .

"On February 2, 2009, the plaintiff filed an application for an order by the court to compel arbitration. . . .

On March 2, 2009, that application to compel arbitration was granted and a default judgment was rendered against the defendant by the court.[1]

"On May 18, 2009, the defendant filed a motion to open the judgment on the ground that, pursuant to General Statutes § 52-59b (a), the long arm statute, the court did not have personal jurisdiction over him when it granted the default judgment on the plaintiff's application to compel arbitration." Following a hearing on the defendant's motion, the court found that the defendant was aware of the March 2, 2009 hearing date. The court concluded: "The defendant's decision not to enter an appearance and respond because he decided that he was not subject to the Connecticut court's jurisdiction over him was the result of a deliberate decision to disregard the hearing and cannot be deemed to be a reasonable cause for his nonappearance. Simply put, the defendant was not prevented from interposing his defense because of mistake, accident or other reasonable cause." This appeal followed.

Our standard of review is well settled. "[I]n granting or refusing an application to open a judgment, the trial court is required to exercise a sound judicial discretion and its decision will be set aside only for an abuse of such discretion." (Internal quotation marks omitted.) *Triton Associates* v. *Six New Corp.*, 14 Conn. App. 172, 175, 540 A.2d 95, cert. denied, 208 Conn. 806, 545 A.2d 1104 (1988). "In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Internal quotation marks omitted.) *Ins. Co. of Pennsylvania* v. *Waterfield*, 102 Conn. App. 277, 284, 925 A.2d 451 (2007).

---

[1] The defendant thereafter filed an appearance on April 7, 2009.

General Statutes § 52-212 (a) provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed . . . upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense." See also Practice Book § 17-43.[2] In other words, "[t]here must be a showing that (1) a good defense, the nature of which must be set forth, existed at the time judgment was rendered, and (2) the party seeking to set aside the judgment was prevented from making that defense because of mistake, accident or other reasonable cause." (Internal quotation marks omitted.) *Triton Associates* v. *Six New Corp.*, supra, 14 Conn. App. 175.

In regard to the first prong, the defendant timely argued to the court, and reiterates on appeal, that the court should have opened the March 2, 2009 judgment on the basis that the court lacked personal jurisdiction over him under § 52-59b (a).[3] Even assuming that this

[2] Practice Book §17-43 (a) provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. . . ."

[3] The defendant also offers as a defense under § 52-212 (a) that New York General Business Law § 399-c prevents arbitration in this instance. We do not reach the merits of that defense because the defendant's failure to appear and to defend under § 52-212 (a) is the dispositive issue bearing on this appeal.

argument constitutes a meritorious defense, the defendant cannot prevail because of the court's conclusion that he failed to satisfy the second prong of § 52-212 (a), which requires a showing that the defendant was prevented from offering that defense because of mistake, accident or other reasonable cause. The court found that the defendant's explanations were inadequate for that purpose. We cannot conclude that that determination was improper.

The defendant argued, both before this court and the trial court, that his absence from the country sufficiently satisfied the second prong of § 52-212 (a), and claimed, in addition, that he was entitled to a statutory three month continuance under General Statutes § 52-87 (b).[4] The defendant's reliance on § 52-87 (b), however, is misplaced because it rests on a generous reading of selected text in disregard of the broader statutory context. Section 52-87 (d), for example, crucially provides that "[a] continuance or postponement under this section shall not be granted or, if granted, shall terminate if actual notice is shown in accordance with section 52-88." To that end, General Statutes § 52-88 provides in relevant part: "A continuance, postponement or adjournment, prescribed in section 52-87 or this section, shall not be granted or, if granted, shall terminate whenever the court finds that the absent or nonresident defendant, or his authorized agent or attorney, has received actual notice of the pendency of the case at

[4] General Statutes § 52-87 (b) provides in relevant part: "If the defendant is not an inhabitant or a resident of this state at the commencement of the action and does not appear therein, the court shall continue or postpone it for three months and may, if it deems further notice advisable, direct such further notice of the pendency of the action to be given to the defendant by publication in some newspaper, or otherwise, as it deems expedient, or may authorize any person empowered to serve process by the laws of the foreign jurisdiction in which the defendant resides to serve upon the defendant a copy of the summons and complaint and of the order of notice. . . ."

least twelve days prior to such finding, and thereupon, unless some special reason is shown for further delay, the cause may be brought to trial." Because the court found that the defendant was given actual notice of the hearing date,[5] § 52-87 (b) does not apply, and the defendant was therefore not entitled to a continuance.

The defendant claims in the alternative that if § 52-212 bears him no relief, the court's absence of personal jurisdiction nonetheless, and by itself, renders the March 2, 2009 judgment subject to collateral attack. "Although [General Statutes] §§ 52-212 [opening a judgment upon default] and 52-212a[6] [opening a civil judgment] normally limit the authority [of the trial court] to open judgments to a four month period, these statutes do not preclude the opening of a default judgment that is rendered without jurisdiction over a defendant. The prefatory words of § 52-212a establish that the four month limitation only operates [u]nless otherwise provided by law . . . . As a matter of law, in the absence of jurisdiction over the parties, a judgment is void ab initio and is subject to both direct and collateral attack." (Internal quotation marks omitted.) *Wilkinson* v. *Boats Unlimited, Inc.*, 236 Conn. 78, 83–84, 670 A.2d 1296 (1996). "A trial court's authority to open such judgments does not arise from . . . § 52-212 (a) or Practice Book § 326 [now § 17-43] but from its inherent power to open a judgment rendered without jurisdiction." *General Motors Acceptance Corp.* v. *Pumphrey*, 13 Conn. App. 223, 228, 535 A.2d 396 (1988). In other words, a court always has the inherent authority to open a default judgment, irrespective of the four month rule and the valid defense and good cause requirement in Practice Book § 17-43 and General Statutes § 52-212 (a), if the

[5] The defendant does not challenge on appeal the court's finding that he had notice of the scheduled hearing.

[6] See also Practice Book § 17-43.

judgment was rendered without "jurisdiction of the parties or of the subject matter." Id.

Nevertheless, our case law directs that the availability of a viable jurisdictional defense does not relieve the defendant of his burden to show reasonable cause for his failure to appear and to defend.[7] See *Trichilo* v. *Trichilo*, 190 Conn. 774, 782–83, 462 A.2d 1048 (1983) (court saw "no reason to exempt the failure to raise seasonably jurisdictional issues of fact from [the statutory reasonable cause] requirement" despite conclusion that "facts claimed in [the defendant's] affidavit, if true, would defeat the action both for lack of jurisdiction and on the merits").

The judgment is affirmed.

---

[7] Relying on *General Motors Acceptance Corp.*, the defendant argues that lack of personal jurisdiction requires the opening of a judgment despite noncompliance with the reasonable cause requirement of § 52-212 (a). *General Motors Acceptance Corp.* is distinguishable, however, because, in that case, the defendant did not have notice of the commencement of the action. Unlike the present matter, where the defendant was given actual notice of the hearing date, the third party defendant in *General Motors Acceptance Corp.*, was never served with a writ of summons and, therefore, had no opportunity to appear and to offer its defense. *General Motors Acceptance Corp.* v. *Pumphrey*, supra, 13 Conn. App. 227.