JOHN GIANO *v.* VANNA SALVATORE ET AL.
(AC 33512)

Alvord, Espinosa and Sullivan, Js.

Argued May 22—officially released July 17, 2012

*Timothy Brignole*, with whom, on the brief, were *Juri E. Taalman* and *Richard W. Mather*, for the appellant (named defendant).

*Steven Berglass*, with whom, on the brief, was *Rosie Miller*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. The defendant Vanna Salvatore[1] appeals from the default judgment of the trial court rendered in favor of the plaintiff, John Giano, and from the denial of the defendant's motion to open that judgment. On appeal, the defendant claims that the court abused its discretion by (1) deciding the defendant's motion to open the judgment before considering her motion to dismiss for lack of subject matter jurisdiction, (2) granting the plaintiff's motion for judgment, and (3) denying the defendant's motion to open the judgment.[2] We affirm the judgment of the trial court.

---

[1] The named defendants also included Paul Raczynski and TD Bank, N.A., but neither Raczynski nor TD Bank, N.A., is a party to this appeal. We therefore refer in this opinion to Vanna Salvatore as the defendant.

[2] The defendant also claims that the court erroneously failed to cite a factual or legal basis for its determination that the defendant's counsel, who testified as a witness, was not credible. "It is well established that [t]his court will not revisit credibility determinations." (Internal quotation marks omitted.) *Sapper* v. *Sapper*, 109 Conn. App. 99, 108, 951 A.2d 5 (2008). The court was entitled, in its role as sole arbiter of credibility, to discredit defense counsel's testimony; id., 109; and it was not required to cite a factual or legal basis for its credibility determination.

The following procedural history is relevant to our resolution of the defendant's appeal. The plaintiff served his writ of summons and complaint on the defendant on June 22, 2010. On July 30, 2010, the plaintiff filed a motion to default the defendant for failure to appear. Thereafter, the defendant's counsel, Timothy Brignole, filed an appearance on August 2, 2010, and the plaintiff's motion for default for failure to appear was denied on August 4, 2010. On September 1, 2010, the plaintiff filed a motion to default the defendant for failure to plead, which motion was granted on September 10, 2010. On October 1, 2010, the plaintiff filed a motion for judgment against the defendant on the basis of the default entered after the defendant's failure to plead. The plaintiff attached an affidavit of debt stating that the plaintiff had suffered loss, damages and harm in the amount of $295,000. The plaintiff also requested $667.60 in costs. The plaintiff claimed the motion for the short calendar. In the absence of any objection filed by the defendant, the court granted the motion for judgment in the amount claimed by the plaintiff on October 28, 2010. The defendant did not appeal from the judgment within twenty days.

On November 24, 2010, the defendant filed a verified motion to open the judgment. On December 12, 2010, the court ordered that the parties present oral argument limited to the following issue: "[W]hether the defendant or her attorney was prevented, by accident or mistake, from presenting her defense. The question is how it came about that the defendant allowed a default judgment to enter against her in this case. The burden at such hearing will be upon the defendant to show that she did not allow such judgment to enter on account of her own or her attorney's negligence." The court heard the parties on the issue on February 9 and April 1, 2011.

During the hearing, the defendant offered her husband, Gary Salvatore, as a witness. Gary Salvatore testified as follows. He and the plaintiff were business partners for thirty-five years until the collapse of their company in July, 2009. He approached the plaintiff at the plaintiff's job site to ask him about the action against the defendant. The plaintiff told him that he had no intention of suing the defendant and that he would put a stop to the action immediately. After the action was not withdrawn, he approached the plaintiff again and the plaintiff informed him that he should have withdrawal papers drawn up by his attorney and that the plaintiff would sign the papers. Gary Salvatore further testified that he told Brignole that the plaintiff had "guaranteed" that the action would be withdrawn and asked Brignole to provide him a withdrawal document for the plaintiff to sign. Brignole provided him with the withdrawal and he approached the plaintiff, but the plaintiff refused to sign the withdrawal document. Gary Salvatore also testified that, three weeks after the plaintiff refused to sign the withdrawal document, the plaintiff approached him and informed him that the case against the defendant was put on hold and that "nothing would be happening any longer in the lawsuit." Two or three weeks after this conversation, however, the Salvatores received in the mail a judgment lien on the family home, which was titled in the defendant's name.

Brignole also testified as a witness. Brignole testified that he received a physical copy of the motion for default for failure to plead on September 3, 2010. Brignole testified that he met with the Salvatores on approximately September 10, 2010. At that meeting, Gary Salvatore, informed Brignole that the plaintiff would be withdrawing the action and Gary Salvatore asked Brignole to prepare a withdrawal for the plaintiff's signature. Brignole prepared the withdrawal. Brignole's office received the order of default by mail on September 15, 2010.

Brignole testified that the reason that he failed to file a responsive pleading was because he was under the impression that he could always later move to open the default. Brignole also testified that he was extremely busy with another case during that time period and hoped that the plaintiff would settle the case with the defendant, especially because Gary Salvatore allegedly informed him that the Salvatores hoped to keep the costs of litigation down. Brignole testified that his office had notice of the motion for judgment because it was e-filed on October 1, 2010, and he received notice of the short calendar marking that the motion was going forward on October 25, 2010. After receiving notice of the short calendar marking, Brignole testified that he contacted the Salvatores, who informed him that the plaintiff was staying the motion. Despite receiving notice of the short calendar marking, Brignole testified that he took no action because he believed that it would be claimed for a hearing in damages and that he could contest the judgment at that hearing.[3]

The court ordered that the defendant submit a post-hearing brief on April 15, 2011, and that the plaintiff submit a reply brief on April 29, 2011. On April 15, the defendant filed her posthearing brief along with a motion to dismiss for lack of subject matter jurisdiction. The plaintiff filed his reply brief on April 18, 2011, and then filed an objection to the defendant's motion to dismiss on April 28, 2011. Before the court ruled on the

---

[3] The following colloquy took place between the court and Brignole:

"The Court: So when the ready marking came in on the motion for judgment, did you assume it was going off? What did you think was going to happen?

"[The Witness]: At that point, I assumed that my client and the plaintiff had a stay on this and that at some point my client who spoke to the plaintiff was going to not have the matter go forward on Monday morning. That was my assumption that it was not going to go forward.

"The Court: Okay, but you never got notice it was going off.

"[The Witness]: Correct."

verified motion to open, it heard the parties on the motion to dismiss on May 2, 2011. The court informed the defendant that it could not consider the motion to dismiss because judgment had been rendered and had not been opened. It further informed the defendant that, if the court were to grant the motion to open, then the defendant could bring her motion to dismiss at that point.

On May 16, 2011, the court issued its decision denying the motion to open the judgment. The court accepted as true that the defendant had a good defense in whole or in part at the time the judgment was rendered, but determined that the defendant was not prevented by mistake, accident or other reasonable cause from making her defense as required by General Statutes § 52-212 (a).[4] Specifically, the court stated: "The disputed issue comes down to this question: was it reasonable for Attorney Brignole, acting on [Gary Salvatore's] instructions to keep the fees down, to allow both a default and a default judgment to enter against [the defendant]? The answer is that it was not. The court finds that Attorney Brignole knew of the crucial calendar markings and decided to allow the default and judgment to enter on the mistaken belief that it would be no problem to have the judgment set aside if the case did not resolve as [Gary Salvatore] predicted.

"Not unlike the conduct of the attorney in *Nelson* v. *The Contracting Group, LLC*, 127 Conn. App. 45 [14

---

[4] General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

A.3d 1009] (2011), the conduct of Attorney Brignole, despite the ambiguous direction of [Gary Salvatore] to reduce action on the file to keep costs down, was unreasonable under the circumstances. Moreover, there was no mistake or accident on Brignole's part in allowing the default judgment to enter. He was quite aware that these events were taking place." On May 26, 2011, the defendant filed a motion for reconsideration and reargument, which motion was denied summarily by the court on June 1, 2011. This appeal followed.

As a threshold matter, we address the defendant's claim that the court improperly refused to rule on her motion to dismiss for lack of subject matter jurisdiction. Specifically, she argued in her motion to dismiss that the plaintiff lacked standing to bring an action against her. We conclude that, even if the court improperly refused to rule on the defendant's motion to dismiss, such an error was harmless because the defendant's claim in that motion, that the court lacked jurisdiction, was entirely without merit.

We first set forth the well settled legal principles relating to subject matter jurisdiction. "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal. . . . Once the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented. . . .

"Additionally, a party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim. . . . Standing is the legal right to set judicial machinery in motion. One cannot

rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Citations omitted; internal quotation marks omitted.) *418 Meadow Street Associates, LLC* v. *One Solution Services, LLC*, 127 Conn. App. 711, 716–17, 15 A.3d 1140 (2011).

The defendant's argument in her motion to dismiss rested on the premise that the plaintiff lacked standing because the plaintiff had signed a release agreement stating that he released Gary Salvatore and his heirs from any liability. The defendant argued that the release applied to her because she is an heir of Gary Salvatore. It is impossible for the defendant to be an heir of Gary Salvatore because Gary Salvatore is a living person. A living person has no heirs. See, e.g., *Burke* v. *Ruggerio*, 24 Conn. App. 700, 704, 591 A.2d 453 ("[e]ven in these modern days, the ancient legal maxim *nemo est haeres viventis* is still applicable"), cert. denied, 220 Conn. 903, 593 A.2d 967 (1991).

Furthermore, whether a release agreement applies to a defendant is not an issue implicating standing or subject matter jurisdiction. A release agreement is a contract. "It is well settled that a release, being a contract whereby a party abandons a claim to a person against whom that claim exists, is subject to rules governing the construction of contracts." (Internal quotation marks omitted.) *Embalmers' Supply Co.* v. *Giannitti*, 103 Conn. App. 20, 42, 929 A.2d 729, cert. denied, 284 Conn. 931, 934 A.2d 246 (2007). "Interpretation of the written terms of a contract and the degree of compliance by the parties are questions of fact to be determined by the trier of fact." *Burns* v. *Quinnipiac University*, 120 Conn. App. 311, 322, 991 A.2d 666, cert. denied, 297 Conn. 906, 995 A.2d 634 (2010). Accordingly, the defendant's claim is meritless.

The defendant next claims that the trial court improperly granted the plaintiff's motion for judgment. Specifically, she contends that the court improperly granted the motion without holding a hearing in damages. We decline to review this claim because the motion to open was not timely filed in order to extend the defendant's time to appeal the underlying judgment.

"The denial of a motion to open is an appealable final judgment. . . . Although a motion to open can be filed within four months of a judgment . . . the filing of such a motion does not extend the appeal period for challenging the merits of the underlying judgment unless filed within the [twenty day period provided by Practice Book § 63-1]. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal." (Citation omitted; internal quotation marks omitted.) *Worth* v. *Korta*, 132 Conn App. 154, 158–59, 31 A.3d 804 (2011), cert. denied, 304 Conn. 905, 38 A.3d 1201 (2012).

The defendant did not appeal from the underlying judgment nor did she file her motion to open that judgment within twenty days. Judgment was rendered on October 28, 2010, but the defendant did not file her verified motion to open until November 24, 2010. Therefore, we decline to review any of the defendant's claims regarding the propriety of the underlying judgment as they are not properly before us.

The defendant also argues that the court improperly denied her motion to open the judgment because she

relied on the plaintiff's representation that he was going to withdraw the action, thus necessitating no further action on her part. We disagree with the defendant.

"We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. The only issue on appeal is whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court reasonably could conclude as it did." (Internal quotation marks omitted.) *Wilson* v. *Troxler*, 91 Conn. App. 864, 868, 883 A.2d 18, cert. denied, 276 Conn. 928, 929, 889 A.2d 819, 820 (2005).

It is this court's "well settled jurisprudence that [a] court should not open a default judgment in cases where the defendants admit they received actual notice and simply chose to ignore the court's authority. . . . Negligence is no ground for vacating a judgment, and it has been consistently held that the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of negligence. . . . Negligence of a party or his counsel is insufficient for purposes of § 52-212 to set aside a default judgment." (Internal quotation marks omitted.) Id., 872.

The court did not abuse its discretion in denying the defendant's motion to open the default judgment. The court properly noted that the defendant was not prevented from presenting her defense based on "mistake, accident or other reasonable cause" because defense counsel's actions did not constitute reasonable cause. The defendant's counsel admitted on the witness stand that he had actual notice that a default had entered

against the defendant, that a motion for judgment had been filed and that the motion was scheduled to be heard on the short calendar, yet he failed to file any responsive pleadings and allowed judgment to be rendered against the defendant. The defendant's mistaken belief that the plaintiff would be withdrawing the case is no excuse for her failure to plead after she received actual notice of the default and of the impending judgment. See *Nelson* v. *The Contracting Group, LLC*, supra, 127 Conn. App. 50–51 (trial court did not abuse discretion in denying motion to open after defendant failed to raise defense because of mistaken belief that plaintiff's counsel would contact him before moving forward with litigation). Accordingly, this claim fails.

The judgment is affirmed.

In this opinion the other judges concurred.