******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WEINSTEIN AND WISSER, P.C. *v.* FREDERICK
B. CORNELIUS
(AC 35656)

Beach, Sheldon and Peters, Js.

*Argued February 19—officially released June 24, 2014*

(Appeal from Superior Court, judicial district of
Hartford, Tanzer, J. [judgment]; Schuman, J. [motions
to open, to dismiss and to reargue].)

*Frederick B. Cornelius*, self-represented, the appellant (defendant).

*Kerry M. Wisser*, for the appellee (plaintiff).

*Opinion*

BEACH, J. The defendant, Frederick B. Cornelius, appeals from the judgment of the trial court denying his motion to dismiss the complaint of the plaintiff, Weinstein & Wisser, P.C. We reverse the judgment of the trial court.

In August, 2007, the plaintiff filed a complaint alleging that the parties entered into an agreement whereby the plaintiff was to provide the defendant with legal representation in regard to an action taken by the Department of Banking. The plaintiff further alleged that the plaintiff represented the defendant in the matter from December, 2003, until May, 2006, and billed the defendant accordingly. The plaintiff claimed that the defendant made only sporadic payments, and breached the agreement by refusing to pay a remaining balance of $24,509.66. In September, 2007, the plaintiff filed a motion for default, seeking that the court enter a default against the defendant for his failure to enter an appearance in the matter. The court granted the motion. In November, 2007, the plaintiff filed a motion for judgment after default. The court granted the motion and rendered judgment in favor of the plaintiff in the amount of $24,509.66, plus $362.40 in costs.

There the matter stood for approximately five years. On January 23, 2013, the defendant filed a motion to dismiss the complaint on the ground that the court did not have personal jurisdiction over the defendant because of insufficient service of process. The defendant attached an affidavit to his motion in which he averred that he had not resided at 127 Sunset Farm Road, West Hartford, the address at which service had been made, at any time on or before the date of purported service of process. The plaintiff filed a memorandum of law in opposition to the defendant's motion to dismiss and attached an affidavit by a state marshal who attested that, on August 8, 2008, he had made service upon the defendant by leaving a copy of the writ of summons and complaint at the defendant's usual place of abode. He further averred that when he arrived at the address on the summons, 637 Park Road, West Hartford, the building was unoccupied and being renovated; the marshal was informed that the defendant was residing with his parents at 127 Sunset Farm Road in West Hartford. The marshal stated that when he arrived at 127 Sunset Farm Road, he was told by an older gentleman, who the marshal believed was the defendant's father, that the defendant was not there at the time, but that the defendant did reside there. Also attached to the plaintiff's motion was an affidavit of a legal assistant in the plaintiff's office, who averred that several court documents had been mailed to the defendant at 127 Sunset Farm Road during the course of the action, that no piece of mail addressed to the defendant at 127 Sunset Farm Road had been returned as undeliv-

erable, and that it was not until after judgment liens had been filed in 2012 on two of the defendant's properties that mail was returned as nondeliverable.

At the same time as he filed the motion to dismiss, the defendant also filed a motion to open the default judgment "on the ground that the court did not have jurisdiction over [the defendant] due to insufficiency of service of process (Practice Book § 10-31 [a] [5]) for the reasons articulated in his motion to dismiss." The court denied the motion to open because the defendant had not shown that a good defense existed at the time judgment was rendered. The defendant filed a motion for articulation, which the court granted. It explained that it had considered his motion as a standard motion to open brought pursuant to General Statutes § 52-212 (a) and Practice Book § 17-43 (a). Under the two-prong standard used in deciding such motions,[1] the court found that the defendant did not make any initial showing, under the first prong, that a good defense existed at the time the judgment was rendered. It later articulated that, because the first prong was not satisfied, there was no need to address the second prong of the test, that is, whether the defense had not been raised by reason of mistake, accident, or other reasonable cause. The court denied the motion to dismiss, on the ground that the case would have to be opened before it could consider the motion to dismiss. This appeal followed.

I

As a preliminary matter, the plaintiff claims that the appeal is moot. It argues that an opening of the default judgment is a precondition to consideration of the defendant's motion to dismiss, but the defendant appealed from only the denial of his motion to dismiss and did not appeal from the denial of his motion to open. The plaintiff contends that the court's denial of the motion to open remains in effect and unchallenged, and, as a result, no practical relief can be granted by this court. The defendant argues that relief can be afforded because the judgment of default is void for want of personal jurisdiction and there is no need formally to open void judgments. He contends that his "mistake is not in neglecting to appeal the failure to open a judgment that doesn't exist, rather it was his improper procedural methodology at the trial level. In addition to the properly requested . . . motion to dismiss, the defendant mistakenly simultaneously requested the court to open a judgment that doesn't exist. What should have been an innocuous error allowed the trial court to misconstrue and confuse the basis of his argument resulting in an erroneous decision. . . . The issue is *not* whether the decision to deny the motion to open was proper, the issue *is* . . . whether the motion to dismiss was properly denied." (Emphasis in original.)

Because "[m]ootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for

[it] to resolve . . . ordinarily, we would be required to address that issue first, before considering the merits of [an] appeal. This is so because [i]t is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Citation omitted; internal quotation marks omitted.) *Argent Mortgage Co., LLC* v. *Huertas*, 288 Conn. 568, 575, 953 A.2d 868 (2008). In this case, however, as in *Argent Mortgage Co., LLC*, the issue of mootness is "inextricably intertwined"; id.; with the issue raised by the defendant on appeal, namely, whether the trial court improperly denied his motion to dismiss despite his claim that the court lacked personal jurisdiction over him due to defective service of process— "[i]n other words, our determination of whether the defendant can be granted any practical relief depends on whether the trial court had personal jurisdiction over the defendant when it rendered [its default judgment]." Id., 575–76.

In the circumstances of the present case, the motion to open and the motion to dismiss were, as in *Argent Mortgage, Co., LLC*, inextricably intertwined. The defendant stated in his motion to open that it should be granted "for reasons articulated in his motion to dismiss." The motions asserted the same grounds and sought very similar relief. In order to avoid a mootness challenge, the defendant properly should have appealed from the denial of the motion to open. But in the unusual circumstances of this case, where the two grounds of decision are by no means independent—and the court in fact denied the motion to dismiss "in view of [its] decision on [the motion to open]"—it would doubtlessly exalt form over substance to avoid considering the merits of the appeal because the defendant appealed from the wrong ruling.

II

The defendant argues that the court erred in treating his motion to open as "a standard motion to [open]" and in analyzing his claim solely under § 52-212 (a) and Practice Book § 17-43 (a). He argues that he relied not on § 52-212 (a) or Practice Book § 17-43 (a), but rather on a common-law jurisdictional argument.

We begin by noting that "[t]o open a judgment pursuant to Practice Book § 17-43 (a) and General Statutes § 52-212 (a), the movant must make a two part showing that (1) a good defense existed at the time an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of mistake, accident or other reasonable cause. . . . The party moving to open a default judgment must not only allege, but also make a showing sufficient to satisfy the two-pronged test [governing the opening of default judgments]. . . . The

negligence of a party or his counsel is insufficient for purposes of § 52-212 to set aside a default judgment. . . . Finally, because the movant must satisfy both prongs of this analysis, failure to meet either prong is fatal to its motion." (Citations omitted; internal quotation marks omitted.) *Nelson* v. *The Contracting Group, LLC*, 127 Conn. App. 45, 49, 14 A.3d 1009 (2011).

The court acknowledged in its articulation that the defendant had attempted to raise a jurisdictional argument, but stated that it nonetheless applied the straightforward standard expressed in § 52-212 (a) and Practice Book § 17-43 (a). The defendant's motion to dismiss, however, did raise a jurisdictional claim. See *Grenier* v. *Commissioner of Transportation*, 306 Conn. 523, 536, 51 A.3d 367 (2012) (interpretation of pleadings question of law requiring plenary review). "Although . . . § 52-212 [opening a judgment upon default] . . . normally limit[s] the authority [of the trial court] to open judgments to a four month period, [this statute does] not preclude the opening of a default judgment that is rendered without jurisdiction over a defendant. . . . As a matter of law, in the absence of jurisdiction over the parties, a judgment is void ab initio and is subject to both direct and collateral attack. . . . A trial court's authority to open such judgments does not arise from . . . § 52-212 (a) or Practice Book [§ 17-43] but from its inherent power to open a judgment rendered without jurisdiction. . . . In other words, a court always has the inherent authority to open a default judgment, irrespective of the four month rule and the valid defense and good cause requirement in Practice Book § 17-43 and General Statutes § 52-212 (a), if the judgment was rendered without jurisdiction of the parties or of the subject matter." (Citations omitted; internal quotation marks omitted.) *Devore Associates, LLC* v. *Sorkin*, 132 Conn. App. 244, 250–51, 31 A.3d 420 (2011). Accordingly, because the defendant's motion to open raised a jurisdictional claim, the court erred in analyzing it solely under § 52-212 (a) and Practice Book § 17-43 (a).

### III

The defendant argues that an evidentiary hearing regarding personal jurisdiction was required because he submitted an affidavit disputing the factual question of whether service was made at his usual place of abode. The plaintiff argues that because the defendant raised the issue of lack of personal jurisdiction postjudgment, he must make a preliminary showing that service of process was insufficient and that he has not waived such a claim or consented to the court's exercise of jurisdiction. The plaintiff contends that without such a preliminary requirement, a defendant who knows of an action and/or judgment against him can delay the assertion of a defense of personal jurisdiction "for years after the judgment's entry to a time when it suits his

purpose [and that] is intolerable to the judicial process." The plaintiff asserts that the defendant's affidavit did not make such a preliminary showing because the defendant only averred that he did not reside at 127 Sunset Farm Road; he did not state that his parents resided at that address, where he resided at the time of service, and that he did not have actual knowledge of the proceedings or judgment. The plaintiff argues that, because the defendant presented no facts to contest effective service of process, waiver or consent, an evidentiary hearing on the issue of personal jurisdiction was not warranted.

"A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. . . . see also *Ferreira* v. *Pringle*, 255 Conn. 330, 346–47, 766 A.2d 400 (2001) ([w]here . . . the motion [to dismiss] is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint) . . . . When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses. . . . Put another way, the due process requirement of a hearing is required only when issues of facts are disputed." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Weihing* v. *Dodsworth*, 100 Conn. App. 29, 37–38, 917 A.2d 53 (2007).[2]

In the present case, there were disputed facts regarding the defendant's place of residence. The plaintiff submitted an affidavit from a marshal, who attested to hearsay evidence that the defendant resided at 127 Sunset Farm Road in West Hartford, and submitted an affidavit from a legal assistant stating that during the duration of the action several court documents had been sent to 127 Sunset Farm Road, and none had been returned as undeliverable. The defendant, as noted previously, averred that he did not live at 127 Sunset Farm Road. The affidavits present a factual dispute regarding the defendant's place of abode at the time of service. Accordingly, the case must be remanded for an evidentiary hearing to comport with due process.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] "To open a judgment pursuant to Practice Book § 17-43 (a) and General Statutes § 52-212 (a), the movant must make a two part showing that (1) a good defense existed at the time an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of mistake, accident or other reasonable cause." (Internal quotation marks omitted.) *Nelson* v. *The Contracting Group, LLC*, 127 Conn. App. 45, 49, 14 A.3d 1009 (2011).

[2] We see no reason to set forth different evidentiary procedures by which to decide motions to dismiss filed in an open, pending case and motions to open filed later.