JAMES LITTLE *v.* MACKEYBOY AUTO, LLC
(AC 34489)

DiPentima, C. J., and Gruendel and Alvord, Js.

Submitted on briefs January 11—officially released April 16, 2013

*Josephine Smalls Miller* filed a brief for the appellant (defendant).

*Joanne S. Faulkner* filed a brief for the appellee (plaintiff).

*Opinion*

ALVORD, J. The defendant, Mackeyboy Auto, LLC, appeals to this court following the denial of its motion to open and set aside the default judgment rendered by the trial court in favor of the plaintiff, James Little. On appeal, the defendant claims that the court abused its discretion in denying the motion because the defendant had not been served properly with process, and it had a valid defense to the plaintiff's claims. We affirm the judgment of the trial court.

The record reveals the following relevant factual and procedural history. The plaintiff commenced the present action on October 27, 2010, by service of process upon the defendant; the marshal's return attested that such service was accepted by "Bill Mackeyboy, General Manager." In his complaint, the plaintiff alleged that the defendant sold him a 1999 Volvo in July, 2009, and repossessed the vehicle in August, 2010. The plaintiff sought damages, claiming that the defendant failed to comply with various notice requirements of the Retail Installment Sales Financing Act and the Uniform Commercial Code and that it violated the Connecticut Unfair Trade Practices Act and the Creditors' Collection Practices Act. The defendant did not file an appearance, and, accordingly, on December 15, 2010, the plaintiff filed a motion to default the defendant for failure to appear. The plaintiff's counsel certified that a copy of the motion had been mailed to the defendant at its business address in New Haven. After the motion was granted on December 23, 2010, the plaintiff filed a motion for judgment on the default, again certifying that a copy of the motion had been mailed to the defendant. The court scheduled a hearing in damages for April 13, 2011. At the hearing, the plaintiff presented

his claim for damages and the court rendered judgment against the defendant, which was not present, in the total amount of $7217.80.

On April 15, 2011, the defendant filed an appearance. On May 12, 2011, the defendant filed a motion to open the default pursuant to Practice Book § 17-4.[1] The defendant claimed that it had not been served properly because there was no one by the name of Bill Mackeyboy associated with the defendant. The plaintiff filed a memorandum in opposition to that motion on May 17, 2011. On May 19, 2011, the plaintiff filed an amended officer's return, in which the marshal corrected his initial return and attested that Billy McNeilly, also known as William McNeilly, had accepted service on behalf of the defendant as general manager. The court denied the motion to open the default on May 26, 2011, for the stated reason that the case already had gone to judgment and the defendant had failed to pay the filing fee required for a motion to open a judgment.

On June 13, 2011, the defendant paid the requisite fee and filed a motion to open and set aside the default judgment rendered on April 13, 2011. The motion stated that the judgment against the defendant "appears to have been rendered . . . as a result of confusion or mistake . . . ." Together with the motion, the defendant filed a memorandum of law, in which it claimed that it was not served properly, that it failed to appear "as a result of a mistake, accident or other reasonable cause" and that it had a valid defense to the plaintiff's cause of action. The defendant also submitted an affidavit by McNeilly, in which he averred that there was no individual by the name of Bill Mackeyboy associated with the defendant and that he never was "properly

---

[1] Under these circumstances, Practice Book § 17-43 is the appropriate section because it addresses the opening of judgments rendered upon a default or nonsuit.

served" with the plaintiff's action "either in [his] individual capacity or as registered agent for [the defendant]." The plaintiff filed his opposition to the motion on June 20, 2011, and he filed supplemental documents opposing the motion on February 16, 2012, and March 1, 2012.

On March 19, 2012, the court denied the defendant's motion to open and set aside the default judgment. In the order denying the motion, the court stated: (1) service of process on the defendant by serving McNeilly as the general manager was proper service under General Statutes § 52-57 (c); (2) although McNeilly was the registered agent for the defendant, serving him in his "capacity" as registered agent was not the exclusive means to serve process on the defendant; (3) the defendant had legal notice of the plaintiff's action; (4) the defendant did not deny that it had received the plaintiff's motion for default for failure to appear or the plaintiff's motion for judgment; and (5) the defendant failed to provide sufficient cause to open the judgment rendered upon the default. This appeal followed.

We begin with our standard of review. "The principles that govern motions to open or set aside a civil judgment are well established. A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did. . . .

"To open a judgment pursuant to Practice Book § 17-43 (a) and General Statutes § 52-212 (a), the movant must make a two part showing that (1) a good defense existed at the time an adverse judgment was rendered;

and (2) the defense was not at that time raised by reason of mistake, accident or other reasonable cause. . . . The party moving to open a default judgment must not only allege, but also make a showing sufficient to satisfy the two-pronged test [governing the opening of default judgments]. . . . The negligence of a party or his counsel is insufficient for purposes of § 52-212 to set aside a default judgment. . . . Finally, because the movant must satisfy both prongs of this analysis, failure to meet either prong is fatal to its motion." (Citations omitted; internal quotation marks omitted.) *Nelson* v. *The Contracting Group, LLC*, 127 Conn. App. 45, 48–49, 14 A.3d 1009 (2011).

In the present case, the defendant claims that the court abused its discretion in denying its motion to open and set aside the default judgment because McNeilly was not served with the action as the registered agent for the defendant limited liability company. The defendant's entire argument is as follows: "Lack of proper service negates subject matter jurisdiction by the court, which therefore lacked legal means to enter a default or judgment against [the defendant]. . . . [The defendant] claimed a good and valid defense to one or more of the statutory or common-law counts pled against [the defendant]." The trial court, however, noted that McNeilly did not have to be served in his capacity as the registered agent of the defendant in order to effect proper service on the defendant. The court concluded that service on McNeilly as the general manager constituted proper service under § 52-57 (c).[2]

[2] General Statutes § 52-57 (c) provides: "In actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located. In actions against a private corporation established under the laws of any other state, any foreign country or the

As correctly noted by the trial court, there is no exclusive means for service on a limited liability company. Although General Statutes § 34-105 (a) provides that process "may be served upon the limited liability company's statutory agent for service," subsection (e) of § 34-105 expressly states that "[n]othing contained in this section shall limit or affect the right to serve any process, notice or demand required or permitted by law to be served upon a limited liability company in any other manner permitted by law."[3] Accordingly, the trial court reasonably concluded that the defendant "was properly served with process" and had "legal notice of [the plaintiff's] suit."

Although the trial court did not address the defendant's claim that it had a proper defense to the plaintiff's action, it was not necessary for the court to make that determination because it found that the defendant failed to satisfy the second prong of the aforementioned test. See *Nelson* v. *The Contracting Group, LLC,* supra, 127 Conn. App. 49. The court found that the defendant did not show that its purported defense had not been raised by reason of mistake, accident or other reasonable cause. Significantly, the defendant never claimed that it had not received notice of the plaintiff's action. As reflected in the record, the plaintiff's counsel certified that copies of the motion for default for failure to appear

United States, service of process may be made upon any of the aforesaid officers or agents, or upon the agent of the corporation appointed pursuant to section 33-922."

[3] General Statutes § 34-225 addresses the service of process on a foreign limited liability company, and also provides that process may be served on the foreign limited liability company's statutory agent for service. Similar to § 34-105, it has a subsection that provides that "[n]othing contained in this section shall limit or affect the right to serve any process, notice or demand required or permitted by law to be served upon a limited liability company in any other manner permitted by law." General Statutes § 34-225 (d).

The record in this case does not reflect whether the defendant is a Connecticut limited liability company or a foreign limited liability company.

and the motion for judgment on the default were mailed to the defendant at its business address in New Haven. The court noted in its denial of the defendant's motion to open and set aside the default judgment that the defendant never claimed that it had not received those copies. The court, then, reasonably could have determined that the defendant had legal and actual notice[4] of the plaintiff's action. On the basis of the record and the circumstances of this default, we conclude that the trial court did not abuse its discretion in denying the defendant's motion to open and set aside the default judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] "A court should not open a default judgment in cases where the defendants admit they received actual notice and simply chose to ignore the court's authority." (Internal quotation marks omitted.) *Woodruff* v. *Riley*, 78 Conn. App. 466, 471, 827 A.2d 743, cert. denied, 266 Conn. 922, 835 A.2d 474 (2003).