******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MULTILINGUAL CONSULTANT ASSOCIATES, LLC *v.*
JERRY NGOH ET AL.
(AC 37931)

Alvord, Sheldon and Keller, Js.

*Argued January 20—officially released March 15, 2016*

(Appeal from Superior Court, judicial district of Fairfield, Hon. Edward F. Stodolink, judge trial referee.)

*Jerry Ngoh*, self-represented, and *Nelson Ngoh*, self-represented, the appellants (named defendant et al.).

*Christopher Greenwood*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. The self-represented defendants Jerry Ngoh and Nelson Ngoh[1] appeal from the trial court's denial of their motions to open and vacate the default judgment[2] rendered in favor of the plaintiff, Multilingual Consultant Associates, LLC. On appeal, the defendants claim that the court's denial was an abuse of its discretion. We agree and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendants' appeal. The plaintiff is engaged in the business of preparing and filing federal and state tax returns for its clients. Jerry Ngoh was the plaintiff's office manager.[3] Approximately ten years after he began working for the plaintiff, he and Danh Nguyen, the sole member of the plaintiff limited liability company, had a disagreement, and Jerry Ngoh left the business to pursue other opportunities.

After Jerry Ngoh's departure, the plaintiff filed an eight count complaint against the defendants and also against Malvern Ngoh and Martha Ngoh.[4] The plaintiff alleged that Jerry Ngoh "wrote numerous checks from the bank account of the plaintiff and forged the signature of the person authorized to sign said checks and made said checks payable to himself, his family members and other persons not entitled to receive them." It further alleged that the value of the checks totaled $182,000, and it claimed: treble damages for theft and embezzlement, double damages for forgery, and attorney's fees and punitive damages under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.

With respect to Nelson Ngoh, the plaintiff alleged in its entirety that Jerry Ngoh gave him a check in the amount of $10,000, "which the defendant, Nelson Ngoh, was not entitled to and was forged by the defendant, Jerry Ngoh." The plaintiff sought treble damages against Nelson Ngoh for this alleged theft. With respect to Malvern Ngoh, the plaintiff alleged that he was liable for treble damages for theft because he received three checks from Jerry Ngoh, totaling $51,000, "which the defendant, Malvern Ngoh, was not entitled to and [were] forged by the defendant, Jerry Ngoh." With respect to Martha Ngoh, the plaintiff alleged that Jerry Ngoh gave her a check in the amount of $2500, "which the defendant, Martha Ngoh, was not entitled to and was forged by the defendant, Jerry Ngoh." The plaintiff sought treble damages against Martha Ngoh for theft.[5]

On May 31, 2011, Jerry Ngoh signed an appearance purporting to represent himself, Nelson Ngoh, Malvern Ngoh, and Martha Ngoh as self-represented parties, and gave his home address as the mailing address for all three individuals. On the same date, Nelson Ngoh filed a separate appearance as a self-represented party. On

June 13, 2011, Jerry Ngoh filed separate appearances for Malvern Ngoh and Martha Ngoh, as self-represented parties, again using his home address as their mailing address.[6] All of the foregoing appearances are part of the trial court record, having been accepted by the clerk's office. For a total of three years and four months, no further pleadings were filed and no court orders were issued.

On September 22, 2014, the court, *Bellis, J.*, issued an order advising the parties that the case would be dismissed on October 22, 2014, for failure to prosecute with due diligence, unless the plaintiff "either obtain[ed] judgment or file[d] a valid trial list claim" on or before that date. On September 22, 2014, the plaintiff filed a motion for default for failure to plead against the defendants, and Malvern Ngoh and Martha Ngoh, which was granted by the court clerk on September 29, 2014. The plaintiff filed a certificate of closed pleadings and a claim to the trial list on October 15, 2014, and a hearing in damages was scheduled for November 20, 2014.[7]

The hearing in damages proceeded as scheduled, but the defendants, as well as Malvern Ngoh and Martha Ngoh, were not present in court. At that time, the plaintiff submitted an affidavit of debt, signed by Nguyen, its sole member, averring that the amount of the issued checks totaled $182,044.30. In addition to the amount of the checks, Nguyen claimed in his affidavit that each of the four individuals sued as defendants in this action were liable to the plaintiff for interest at the rate of 10 percent, treble damages for theft, double damages for forgery, and punitive damages and attorney's fees under CUTPA.[8] The court, *Hon. Edward F. Stodolink*, judge trial referee, rendered a default judgment in favor of the plaintiff on the same day as the hearing in damages and awarded substantially all of the damages claimed in Nguyen's affidavit.[9]

Notice of the default judgment was mailed to Jerry Ngoh's home address and to Nelson Ngoh's home address. Less than two weeks after the default judgment was rendered, Jerry Ngoh filed a motion to open the judgment. In the motion, he stated: "I, the defendant, Jerry Ngoh was not around during the trial and ruling. I also did not have a lawyer to defend me. I was out of the country." The court, without holding a hearing, denied his motion on January 6, 2015, for the stated reason: "No showing of a good defense."

On March 6, 2015, Jerry Ngoh filed another motion to set aside the default judgment. In his second motion, he included his proposed defenses to the action and attached copies of pages in his passport demonstrating that he had been out of the country from June 2, 2014, to November 28, 2014. Nelson Ngoh filed his own motion to set aside the default judgment on March 6, 2015. In his motion, he stated that he had come to court

on the date of the hearing in damages. Instead of going to the courtroom, he spoke with court personnel and made a request "that [the] date be changed because Jerry Ngoh was out of the country." He claimed that he "was told that only my son, Jerry Ngoh, the main defendant had the powers to change anything concerning the case."

Also on March 6, 2015, Malvern Ngoh and Martha Ngoh filed appearances as self-represented parties and listed their home addresses as the mailing addresses for correspondence pertaining to the action. At the time they filed their appearances, they each filed a motion to set aside the default judgment, claiming that they had not received notice relative to the court's entry of default for failure to plead or notice of the hearing in damages. They also included proposed defenses to the action.[10]

Shortly after Jerry Ngoh, Nelson Ngoh, Malvern Ngoh, and Martha Ngoh filed their motions to open the default judgment, each defendant filed a separate request for a hearing to argue his or her motions. The court scheduled a hearing for April 30, 2015, at which all of the parties were in attendance. Jerry Ngoh submitted additional documentation at that time for the court's review and consideration. Following the arguments for and against opening the default judgment, the court ruled as follows: "Okay, I've heard the arguments of the motion for the—reopen the judgment. And of course as you pointed out, counsel, there are two prongs; that there's a good defense and the second prong I've forgotten at this point, but it doesn't make any difference.

"I find that as to Malvern Ngoh and Martha Ngoh, they have indicated that they have valid defenses and of course they are laypersons and would not necessarily be held to the same standards that a sophisticated lawyer might be, so the fact that they forgot to give the oath is not relevant.

"So as to Malvern Ngoh and Martha Ngoh, I will grant their motion to reopen the judgment. As to the—Jerry and Nelson, I'll deny the motion because I think they still have some explaining to do, what they did with the money. That's it gentlemen and lady." The defendants filed their appeal from the court's denial of their motions to open the default judgment on May 7, 2015.

We begin with our standard of review. "The principles that govern motions to open or set aside a civil judgment are well established. A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion

is exercised will not be disturbed so long as the court could reasonably conclude as it did. . . .

"To open a judgment pursuant to Practice Book § 17-43 (a)[11] and General Statutes § 52-212 (a),[12] the movant must make a two part showing that (1) a good defense existed at the time an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of mistake, accident or other reasonable cause. . . . The party moving to open a default judgment must not only allege, but also make a showing sufficient to satisfy the two-pronged test [governing the opening of default judgments]. . . . The negligence of a party or his counsel is insufficient for purposes of § 52-212 to set aside a default judgment. . . . Finally, because the movant must satisfy both prongs of this analysis, failure to meet either prong is fatal to its motion." (Footnotes added; internal quotation marks omitted.) *Little* v. *Mackeyboy Auto, LLC*, 142 Conn. App. 14, 18–19, 62 A.3d 1164 (2013).

In the present case, the defendants are self-represented parties and have been self-represented during the pendency of the action and this appeal. "Although it is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party . . . we are also aware that [a]lthough we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Tonghini* v. *Tonghini*, 152 Conn. App. 231, 240, 98 A.3d 93 (2014). We note that the court did afford the defendants some latitude when it determined that the failure to file a verified motion or an affidavit with the motion to open the default judgment was "not relevant" because they are "laypersons," without the expertise of a "sophisticated lawyer." Despite making this observation, the court then denied their motions to open the default judgment because the court was not satisfied that they adequately had explained the defenses they intended to present if the case proceeded to trial, commenting that "they still have some explaining to do, what they did with the money." We conclude that, although an attorney may have articulated with greater precision the nature of the defendants' claims, the self-represented defendants did satisfy their burden under § 52-212 (a) of "showing reasonable cause, or that a good . . . defense in whole or in part existed at the time of the rendition of the judgment . . . and that . . . [they were] prevented by mistake, accident or other reasonable cause from . . . making the defense."

We are mindful that we review the court's determination to deny the defendants' motions to open the default

judgment for a clear abuse of discretion. *Little* v. *Mackeyboy Auto, LLC*, supra, 142 Conn. App. 18. "The court's discretion, however, is not unfettered; it is a legal discretion subject to review." *Miller* v. *Fishman*, 102 Conn. App. 286, 291, 925 A.2d 441 (2007), cert. denied, 285 Conn. 905, 942 A.2d 414 (2008). "[D]iscretion imports something more than leeway in decision-making. . . . It means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . In addition, the court's discretion should be exercised mindful of the policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Internal quotation marks omitted.) *Tuccio* v. *Garamella*, 114 Conn. App. 205, 209, 969 A.2d 190 (2009).

When the court denied the defendants' motions to open the default judgment, it had for its consideration the following information:[13] (1) After the plaintiff filed its complaint on May 24, 2011, the plaintiff took no further action until it filed its motion for default for failure to plead on September 22, 2014; (2) Jerry Ngoh was out of the country, as evidenced by copies of pages he submitted from his passport, from June 2, 2014, to November 28, 2014; (3) when Nelson Ngoh came to court on November 20, 2014, the date of the hearing in damages, he was told that the hearing could not be rescheduled because he was not the main defendant; (4) when Jerry Ngoh returned home and discovered that a default judgment was rendered against him, he filed a motion to open the judgment within two weeks of the date of the judgment; (5) Jerry Ngoh and Nguyen had worked together building the plaintiff's tax preparation business, and Nguyen was aware that Jerry Ngoh wrote checks from the plaintiff's bank account to pay clients their tax refunds, to pay for company supplies and expenses, and to compensate himself for his services because he was not on the payroll as compared to the status of the plaintiff's other employees; (6) a large portion of the $182,000 claimed as damages by the plaintiff consisted of tax refund checks sent to clients, in that the Internal Revenue Service, with the agreement of the clients, deposited the refund checks directly into the plaintiff's bank account and Jerry Ngoh would then issue the client a check from that account after deducting the fees charged by the plaintiff for the tax preparation services; (7) the plaintiff's business operated under these arrangements for many years without any issues until Jerry Ngoh and Nguyen had a disagreement, and Jerry Ngoh left the company; (8) because Jerry Ngoh, as the plaintiff's assistant manager, was so busy during tax season, he had family members run errands for him and wrote checks to them directly instead of first writing a check to himself as compensation for his services; (9) Nelson Ngoh received a $10,000 check from Jerry Ngoh to "carry out some errands for

him like in the past" and he "never had reason in the past to doubt the source" of the checks; (10) if Jerry Ngoh returned the checks he wrote to himself for services rendered to the company, it would mean that he "worked for free"; (11) during the three year period that followed the filing of the complaint, Jerry Ngoh and Nguyen reestablished their friendship, and Nguyen has instructed his attorney to withdaw the action but he has not done so; and (12) Nguyen e-mailed Jerry Ngoh and told him to withdraw moneys from Jerry Ngoh's personal banking account after Nguyen's attorney filed an application for a financial institution execution following the rendering of the default judgment.

We do not find facts, and, therefore, we do not conclude that the defenses as proffered by the defendants are to be credited. Nevertheless, the self-represented defendants have provided sufficient information to satisfy the requirements to open a default judgment as set forth in Practice Book § 17-43 (a) and General Statutes § 52-212 (a). Accordingly, we are persuaded that the court abused its discretion in denying the defendants' motions to open the default judgment.

The judgment is reversed and the case is remanded with direction to grant the defendants' motions to open the default judgment and for further proceedings according to law.

In this opinion the other judges concurred.

[1] The plaintiff also named Malvern Ngoh and Martha Ngoh as defendants, but they are not parties to this appeal. We therefore refer in this opinion to Jerry Ngoh and Nelson Ngoh collectively as the defendants and individually by name where appropriate.

[2] "The denial of a motion to open is an appealable final judgment." (Internal quotation marks omitted.) *Giano* v. *Salvatore*, 136 Conn. App. 834, 842, 46 A.3d 996, cert. denied, 307 Conn. 926, 55 A.3d 567 (2012).

[3] In the complaint, the plaintiff alleged that Jerry Ngoh was its "employee and/or agent and/or servant . . . ." At oral argument before this court, Jerry Ngoh represented that he was the plaintiff's assistant manager, whereas the plaintiff's counsel stated to this court that he "did not know" whether Jerry Ngoh was an employee or an independent contractor of his client.

[4] Nelson Ngoh is the father of Jerry Ngoh. Malvern Ngoh and Martha Ngoh are siblings of Jerry Ngoh.

[5] We note that the counts of the complaint against Nelson Ngoh, Malvern Ngoh, and Martha Ngoh did not allege that these individuals knew or should have known that the checks given to them were improperly issued or forged.

[6] In several of the pleadings filed by Jerry Ngoh after the default judgment was rendered, he stated that he had filed an appearance on his own behalf and "to represent Malvern Ngoh, Nelson Ngoh, and Martha Ngoh." He stated that "they were mostly unaware of the recent developments of the case because all court mail came to my address." In the documents submitted to the court on April 30, 2015, he further explained: "From the inception of this case, I did not want any of my family members . . . to be involved as I felt they were wrongly accused." Apparently he was unaware that, as a layperson, he could represent only himself in the action. Nelson Ngoh did receive correspondence from the court because he had filed a separate appearance as a self-represented party, and he listed his home address for the court as his mailing address.

[7] The court generated notice of the scheduled hearing in damages was mailed to Jerry Ngoh's home address, as listed on the individual appearance forms for Jerry Ngoh, Malvern Ngoh, and Martha Ngoh. The notice also was mailed to Nelson Ngoh's home address as listed on his appearance form.

[8] We further note that the complaint does *not* allege forgery or a violation of CUTPA in the counts against Nelson Ngoh, Malvern Ngoh, or Martha

Ngoh. "An award of damages is controlled by the allegations of the complaint. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . . Facts found but not averred cannot be made the basis for a recovery." (Internal quotation marks omitted.) *Argentinis* v. *Fortuna*, 134 Conn. App. 538, 548–49, 39 A.3d 1207 (2012).

[9] The court's November 20, 2014 order provides in relevant part: "The following order entered after hearing in damages as to defendant Jerry Ngoh. Judgment: After reviewing the affidavits filed in this matter, the court finds that the defendant Jerry Ngoh owes to the plaintiff $182,044.30 and $101,641.43 in interest. The court awards treble damages for theft . . . in the amount of $546,132.90. The court further awards punitive damages and attorney fees for violation of [CUTPA] . . . in the amount of $250,000. Postjudgment interest is ordered in accordance with the statute at the rate of 6 [percent].

"The following order entered after hearing in damages as to defendant Malvern Ngoh. Judgment: After reviewing the affidavits filed in this matter, the court finds that the defendant Malvern Ngoh owes to the plaintiff $51,000 and $28,475 in interest. The court awards treble damages for theft . . . in the amount of $153,000. The court further awards punitive damages and attorney fees for violation of [CUTPA] . . . in the amount of $50,000. Post-judgment interest is ordered in accordance with the statute at the rate of 6 [percent].

"The following order entered after hearing in damages as to defendant Nelson Ngoh. Judgment: After reviewing the affidavits filed in this matter, the court finds that the defendant Nelson Ngoh owes to the plaintiff $10,000 and $5583.38 in interest. The court awards treble damages for theft . . . in the amount of $30,000. The court further awards punitive damages and attorney fees for violation of [CUTPA] . . . in the amount of $30,000. Post-judgment interest is ordered in accordance with the statute at the rate of 6 [percent].

"The following order entered after hearing in damages as to defendant Martha Ngoh. Judgment: After reviewing the affidavits filed in this matter, the court finds that the defendant Martha Ngoh owes to the plaintiff $2500 and $1395.88 in interest. The court awards treble damages for theft . . . in the amount of $7500. The court further awards punitive damages and attorney fees for violation of [CUTPA] . . . in the amount of $20,000. Postjudgment interest is ordered in accordance with the statute at the rate of 6 [percent].

"Judgment is rendered for the plaintiff and the defendants must pay the total amount of judgment and costs to the plaintiff."

[10] All of the motions to open the default judgment were filed on March 6, 2015, which was within four months of the rendering of the default judgment on November 20, 2014. See General Statutes § 52-212 (a)

[11] Practice Book § 17-43 (a) provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or the complainant's attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. . . ."

[12] General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

[13] This information was provided in the court file, the defendants' motions, and Jerry Ngoh's submission to the court at the April 30, 2015 hearing.